## WILLIAM FORD, Respondent, v. S. P. HOLTON, Appellant.

Error will not be presumed, but must be affirmatively shown, and all intendments are in favor of the regularity of the Court below.

In an action of ejectment where no proof is introduced to show damages, it is no error to refuse to allow the defendant to prove the value of the improvements made by him on the property.

At common law no allowance was ever made for improvements, and our Practice Act only permits it, to the extent of being used as a set off to the damages for withholding the property recovered.

APPEAL from the District Court of the Seventh Judicial District, Contra Costa County.

Ejectment for certain lots of land situated in the town of Martinez. The complaint contained the usual averments, and the answer admitted possession, but claimed title to the property by virtue of a tax collector's deed.

Plaintiff to prove his title introduced in testimony the records of the Probate Court, showing that Commissioners had been appointed to

divide the estate of one William Welch, deceased, and that the property in dispute had been set aside by the Commissioners, as the share of his widow. The Court admitted the testimony and defendant excepted. The plaintiff then proved the mesne conveyances from Mrs. Welch to to him. The defendant offered to show that he held possession of the land through a tax deed from the Sheriff, which plaintiff objected to as evidence, until all necessary proceedings prior to the sale of the land should be shown to have been duly performed. The Court sustained the objection and defendant excepted.

The Court refused the defendant permission to prove the value of his improvements. The jury found for the plaintiff.

Defendant appealed.

*Balie Peyton*, for Appellant.
No brief on file.

*John Currey*, for Respondent.

1. The Records of the Probate Court were properly introduced. Barber *v.* Winslow, 12 Wend., 102. Jenks *v.* Stebbins, 11 Johns., 224. Steinbergh *v.* Bigelow, 3 Wend., 42. Gardner *v.* Carrol, 7 Yerg., 365. Terrill *v.* Finch, 8 Ib., 432.

2. The refusal of the Court to admit the tax title in evidence was correct. Williams *v.* Peyton, 4 Wheat., 77. Stead's Ex. *v.* Course, 4 Cranch, 403. Parker *v.* Rule's Lessee, 9 Ib., 64. Thatcher *v.* Powell, 6 Wheat., 119.

3. The evidence proving the title was properly admitted, and the defendant is estopped from denying its validity. Jackson *v.* Bush, 10 Johns., 223. Jackson *v.* Graham, 3 Caines, R., 118 Bloom *v.* Burdick, 1 Hill, 130. Jackson *v.* Stiles, 1 Cow., 575. Jackson *v.* Walker, 7 Ib., 637.

4. Plaintiffs having introduced no proof of damages, the defendant could not show the value of his improvements. 2 Gr. Ev., § 337. Prac. Act, § 257.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The first four points or assignments of error may be considered together.

They rest upon the objection made by the defendant to the introduction in evidence of the records of the Probate Court showing a division of the lands of William Welch, deceased, by which his widow is said to have obtained as part of her distributive share the land in controversy; and upon the objection to the introduction of the mesne conveyances through which the plaintiff claims to derive title from her.

If the land belonged to Welch in his life time, I see no reason why it should not be permitted to show the division among his devisees or heirs.

The appellant's counsel argues upon the assumption that no title was shown in Welch, but we cannot presume such a state of the case in the absence of anything in the record so show it. The record contains a statement of evidence, but it not only does not show that this was all of the evidence, but on the contrary it sets it out as "the evidence in explanation and support" of the grounds taken, leaving the inference clear that there was more evidence in the cause, which has been omitted from the statement as unnecessary to elucidate the errors complained of. Error will not be presumed, but must be affirmatively shown, and all intendments are in favor of the regularity of the judgment below.

The next and remaining question for consideration is the rejection of the tax collector's deed, under which the defendant claimed, and the change consequent thereon. This evidence was rejected until it should be shown on the part of the party relying upon it that all necessary proceedings prior to the sale of the lands "to authorize such sale had been duly performed."

This point we fully considered in the case of Norris *v.* Peterson & Russell, decided at the July Term, 1855. It was there decided (in a case occurring before the recent statute which makes tax deeds *prima facie* evidence of title) that to sustain a tax title every pre-requisite to the exercise of the power of sale by the officer must be shown to have been accomplished.

There was no error in refusing to allow the defendant to prove the value of improvements made by him. At common law no such

41

allowance was ever made, and our Practice Act only permits it to the extent of being used as a set off to " the damages for witholding the property recovered." In this case no proof was introduced to show the damages, or at least no damages are found by the jury, and there is nothing against which the value of improvements can be made to serve any purpose.

Judgment affirmed.