[No. 12729. Department Two. — August 30, 1890.]

## CHARLES E. HUSE, RESPONDENT, *v.* RICHARD S. DEN ET AL., APPELLANTS.

APPEAL — LAW OF THE CASE. — Points decided upon a former appeal become the law of the case, and must be reaffirmed upon a subsequent appeal in the same cause, in so far as the facts are the same.

TRUST DEED — EXECUTION — DELIVERY — SUFFICIENCY OF EVIDENCE. — The complete execution and delivery of a trust deed is sufficiently shown where it appears that the grantor was himself nominally one of the grantees; that the deed was intended to be a deed of settlement for the benefit of his children, and was in the nature of a covenant to stand seised for the benefit of the *cestui que trust;* that it was formally acknowledged and recorded; that the other grantee was present and accepted the trust; and that the grantor recognized it in his subsequent will.

EXECUTOR'S SALE WITHOUT ORDER OF COURT — WILL — DEVISE IN TRUST — DIRECTION TO PAY DEBTS. — A sale and conveyance by executors without an order of the probate court, under a will devising property to them in trust, but not authorizing any sale of the realty, otherwise than by a direction to pay the debts of the testator, is void, and passes no title to the purchasers.

ID. — RIGHTS OF PURCHASERS — ESTOPPEL IN PAIS. — The purchasers at such void sale cannot claim any rights as against the heirs by virtue of acquiescence, as creating an estoppel *in pais*, when they themselves are not in

a position to claim that they were destitute of knowledge, or ready means of knowledge, of the true state of the title.

Id. — Notice of Invalidity of Sale — Subrogation — Reimbursement for Purchase-money — Discharge of Debts — Mingling of Funds. — Where such purchasers knew of a deed of trust of the land, and that the will under which they claimed as purchasers recognized the deed, and had notice of the want of power of the executors to sell without an order of the probate court, and were warned not to purchase without the order and sanction of said court, and purchased in the face of such knowledge and caution, they were not innocent purchasers in good faith to whom the doctrine of subrogation would, under any circumstances, apply, and are therefore not entitled to be reimbursed by the heirs for the amounts paid by them at the void sale, to the extent to which it satisfied a charge upon the property, for the payment of debts, it appearing further that the purchase-money was paid to the executors, who mingled it indiscriminately with other moneys belonging to the estate, and discharged the debts without segregation of any particular fund.

Id.— Allowance for Improvements — Offset to Rents — Recovery by Heirs against Purchasers. — An allowance for the value of improvements made upon land can be made only as an offset for damages claimed for withholding possession, and where the property is awarded to the heirs of a testator as against the purchasers at a void executor's sale, and the court finds that the value of the improvements made by the purchasers is in excess of the value of the rents and profits, it is proper to allow no judgment for rents or damages, and no further allowance can be made for improvements.

Id. — Statute of Limitations — Mexican Grant — Patent. — The statute of limitations does not run in favor of such purchasers as against the heirs of the testator, when it appears that the premises consisted of a confirmed Mexican grant, the patent for which did not issue until after the commencement of the action.

Appeals from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

This action is the same as that entitled *Hill* v. *Den,* reported in 54 Cal. 6–24, in which the character of the action and the principal facts are stated, and various points of law decided. The case was originally entitled *José Maria Hill· and Charles E. Huse,* plaintiffs, v. *Richard S. Den et al.,* defendants, including as defendants the ten children of Nicholas A. Den, their mother, then Rosa A. Welch, and her then husband, George C. Welch; also, W. W. Hollister and other persons to whom Huse and

Hill, as executors of Nicholas A. Den, deceased, had attempted to make sales of portions of the Rancho dos Pueblos. Since the last appeal, Hill refused to further act as plaintiff, and was made a defendant; hence the present title, *Huse* v. *Den et al.* The sale and conveyance to Hollister was made by Huse and Hill, as executors, without order of court, April 16, 1869. Hollister claimed title by adverse possession, under the statute of limitations. The action was begun June 13, 1876, and the patent confirming the Mexican grant of the Rancho dos Pueblos to Nicholas A. Den, and to his heirs and assigns, was issued February 23, 1877. The survey was made in 1871, and approved January 11, 1872. Further facts are stated in the opinion of the court.

*Henry E. Highton,* and *Philip G. Galpin,* for Appellants.

The law of the case does not apply where the facts are not identical. (*Clary* v. *Hoagland,* 6 Cal. 687; *Leese* v. *Clarke,* 20 Cal. 418; *Nieto* v. *Carpenter,* 21 Cal. 488; *Mitchell* v. *Davis,* 23 Cal. 383; *Page* v. *Fowler,* 37 Cal. 105; *Cross* v. *Zellerbach,* 63 Cal. 623.) The Den heirs are not entitled to relief without restoring the purchase-money. (Story's Eq. Jur., sec. 642; 2 Pomeroy's Eq. Jur., sec. 817; *Short* v. *Porter,* 44 Miss. 533.) The title under the grant became perfect by the survey made in 1871, and the statute of limitations is a bar. (*Whitney* v. *Morrow,* 112 U. S. 695; *Langdeau* v. *Hanes,* 21 Wall. 521; *Ryan* v. *Carter,* 93 U. S. 78; *Byers* v. *Neal,* 43 Cal. 215.) The purchasers entered under color of title, and acquired a prescriptive title by five years' adverse possession. (Code Civ. Proc., secs. 318, 322–325; *Cannon* v. *Stockmon,* 36 Cal. 540; 95 Am. Dec. 205; *Leffingwell* v. *Warren,* 2 Black, 370; Civ. Code, sec. 1007; *Williams* v. *Sutton,* 43 Cal. 65; *Gerdes* v. *Moody,* 41 Cal. 335; *Simson* v. *Eckstein,* 22 Cal. 594.) The purchasers having title by possession against Kate Den when suit was brought, any title

acquired by her, even from infants after suit brought,
is barred. (*Hoyle* v. *Stow*, 2 Dev. & B. 323; *Williams*
v. *Council*, 4 Jones, 206; *Oliver* v. *Houdlet*, 13 Mass.
237; 7 Am. Dec. 134.) When a trustee is barred by the
statute the *cestui que trust* is likewise barred, although
an infant. (Hill on Trustees, 267, 403, 504; *Williams*
v. *Otey*, 8 Humph. 563; 47 Am. Dec. 632; *Wooldridge*
v. *Planters' Bank*, 1 Sneed, 297; *Worthy* v. *Johnson*, 10
Ga. 358; 54 Am. Dec. 393; *Long* v. *Cason*, 4 Rich. Eq.
60; *Horenden* v. *Lord Annesly*, 2 Schoales & L. 629;
*Pentland* v. *Stoker*, 2 Ball & B. 74; *Lyon* v. *Marclay*, 1
Watts, 275; *Needlecott* v. *O'Donnell*, 2 Ball & B. 67.)
Where a trustee makes a conveyance of the trust prop-
erty in breach of the trust, and his grantee continues to
hold adversely, the statute applies. (*Williams* v. *First
Presb. Soc.*, 1 Ohio St. 478; *White* v. *White*, 1 Md. Ch. 56;
*Stumfler* v. *Roberts*, 18 Pa. St. 300; *Prevost* v. *Gratz*, 6
Wheat. 480.) The statute of 1863 barred an action on a
Mexican grant after five years from the date of the act.
(*City of San José* v. *Trimble*, 41 Cal. 539; *Grimm* v. *Curley*,
43 Cal. 252.) The original grant, the title pleaded, is
barred by the statute of 1863, page 325, as it was the
only one existing when the cross-complaint of the Den
heirs was filed October 5, 1876. (*Hestres* v. *Brennan*, 37
Cal. 388; *Sacramento Savings Bank* v. *Hynes*, 50 Cal. 200–
201; *Yount* v. *Howell*, 14 Cal. 465; *Owen* v. *Fowler*, 24
Cal. 192.) The patent was issued February 23, 1877,
and a new title cannot be put into a former complaint
by amendment; if pleaded, it must be by supplemental
complaint. (*Moss* v. *Shear*, 30 Cal. 467; *McMinn* v.
*O'Connor*, 27 Cal. 238; *Van Maren* v. *Johnson*, 15 Cal. 309.)
If the action by the Den heirs was based upon title un-
der the patent, it would still be barred, as the patent
title relates back to the original grant and determines
its original genuineness and location. (*Moore* v. *Wilkin-
son*, 13 Cal. 488, 419; *Touchard* v. *Crow*, 20 Cal. 150; 81
Am. Dec. 108; *Leese* v. *Clark*, 20 Cal. 387; *Ely* v. *Frisbie*,

17 Cal. 256; *Stark* v. *Barrett*, 15 Cal. 361; *Landes* v. *Brant*, 10 How. 348; *Teschemacher* v. *Thompson*, 18 Cal. 11; 79 Am. Dec. 151.) The trust deed could only take effect by delivery, and could not be delivered conditionally. (Civ. Code, secs. 1054, 1056.) The Den heirs are estopped from questioning the sale to Hollister by their long acquiescence in the sales and conveyances, and the acts of the purchasers thereunder and failure to object thereto. (2 Pomeroy's Eq. Jur., secs. 812, 815, 820; *Lee* v. *Amherst*, 2 Phill. Eq. 123; *Bright* v. *Legerton*, 6 Jur. 1179; *Clarke* v. *Harte*, 5 Jur., N. S., 447; *Vanchave* v. *Milliken*, 13 Ind. 105; *Kirk* v. *Hamilton*, 102 U. S. 68; *Dickerson* v. *Colgrove*, 100 U. S. 578; *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344; Smith's Lead. Cas., 7th Am. ed., 730–740.) In void probate sale an innocent purchaser is entitled to reimbursement in chancery. (*Favill* v. *Roberts*, 50 N. Y. 222; *Brewster* v. *Striker*, 2 N. Y. 19; *Striker* v. *Mott*, 28 N. Y. 82, distinguished; *Wharton* v. *McMahon*, 10 Paige, 386; *Chapman* v. *Parish*, 11 Paige, 405; *Newton* v. *Bronson*, 13 N. Y. 587; 67 Am. Dec. 89; 1 Story's Eq. Jur., secs. 384, 387; *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 354; *Storrs* v. *Barker*, 6 Johns. Ch. 166; 10 Am. Dec. 316; *Lawn* v. *Needham*, 3 Paige, 555; *Dennison* v. *Ely*, 1 Barb. Ch. 619; *Malin* v. *Malin*, 1 Wend. 687, 688; *Higinbotham* v. *Burnet*, 5 Johns. Ch. 188.) The purchaser has a right to be subrogated to the claims of the creditors against the estate discharged with his purchase-money. (*Russell* v. *Mixer*, 42 Cal. 475; *Waldrip* v. *Black*, 74 Cal. 409; *Scott* v. *Dunn*, 1 Dev. & B. 425; 30 Am. Dec. 176; *Williams* v. *Williams*, 2 Dev. Eq. 69; 22 Am. Dec. 729; *Saunders* v. *Saunders*, 2 Dev. Eq. 262; *Barnes* v. *Mott*, 64 N. Y. 401; 21 Am. Rep. 625; Story's Eq. Jur., secs. 633, 635, 636; *Bank of U. S.* v. *Winston*, 2 Brock. 252; *Ingalls* v. *Morgan*, 10 N. Y. 179; *Sidmer* v. *Hawes*, 37 Ohio St. 532; *Tradesmen's Bldg. Ass'n* v. *Thompson*, 32 N. J. Eq. 133.) It is the right of a purchaser under a defective title to be reimbursed for his improvements. (*Bright* v. *Boyd*, 1 Story, 478; *Heirs*

of *Wood* v. *Nicholls*, 33 La. Ann. 744; *Heirs of Self* v. *Taylor*, 33 La. Ann. 769.) If Kate Den is to be let into possession of three tenths of the ranch as successor to Augustus, Rosa, and Susannah, she should repay three tenths of the purchase-money, with interest, and three tenths of the improvements put upon the share partitioned to her, on the well-known maxim that those who seek equity must do equity. (*Bright* v. *Boyd*, 1 Story, 478; *Putnam* v. *Relchie*, 6 Paige, 704; *Parsons* v. *Moses*, 16 Iowa, 440.)

*Oliver P. Evans*, and *T. B. Bishop*, for Respondents.

That the statute of limitations has no application, is the law of the case. (*Hill* v. *Den*, 54 Cal. 23.) The trust deed was sufficiently delivered, and Hollister is estopped to deny its validity. (*Hill* v. *Den*, 54 Cal. 20; *Adams* v. *Lansing*, 17 Cal. 638.) A deed may be completely delivered though left in the custody of the grantor. (4 Kent's Com. 455; *Scrugham* v. *Wood*, 15 Wend. 547; 30 Am. Dec. 75; *Shelton's Case*, Cro. Eliz. 7; *Farrar* v. *Bridges*, 5 Humph. 411; 43 Am. Dec. 439; *Jamison* v. *Craven*, 4 Del. Ch. 311; *Adams* v. *Ryan*, 61 Iowa, 733.) The recording of a deed by the grantor, or at his instance, has been often held to be presumptive evidence of delivery sufficient to throw the burden of proof upon the adverse party to show non-delivery. (*Kerr* v. *Birnie*, 25 Ark. 225; *Masterson* v. *Cheek*, 23 Ill. 72; *Robinson* v. *Gould*, 26 Iowa, 89; *Walton* v. *Burton*, 107 Ill. 54; *Cecil* v. *Beaver*, 28 Iowa, 241; 4 Am. Rep. 174; *Palmer* v. *Palmer*, 62 Iowa, 204; *Moore* v. *Giles*, 49 Conn. 570; *Mitchell* v. *Ryan*, 3 Ohio St. 377.) Declarations of trust do not require a strictly formal delivery. (Hill on Trustees, 132; 2 Perry on Trusts, sec. 103; *Barlow* v. *Heneage*, Prec. Ch. 210; *Clavering* v. *Clavering*, 2 Vern. 474; *Sear* v. *Ashwell*, 3 Swanst. 411; *Worrall* v. *Jacob*, 3 Mer. 256; *In re Way's Trusts*, De Gex, J. & S. 365; *Fletcher* v. *Fletcher*, 4 Hare, 67; *Books* v. *Marbury*, 11 Wheat. 78; *Souverbye* v. *Arden*,

1 Johns. Ch. 255; *Bunn* v. *Winthrop*, 1 Johns. Ch. 336; *Adams* v. *Adams*, 21 Wall. 185; *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264; *Linton* v. *Brown's Adm'r*, 20 Fed. Rep. 458.) That the deeds of the executors to Hollister and Winchester were void, is the law of the case. (*Hill* v. *Den*, 54 Cal. 21, 22.) Hollister and Winchester, being mere volunteer intermeddlers, are not entitled to subrogation. (Sheldon on Subrogation, sec. 1; *Bank of U. S.* v. *Winston's Ex'rs*, 2 Brock. 254; *Guy* v. *Du Uprey*, 16 Cal. 196, 200; 76 Am. Dec. 518; *Branham* v. *San José*, 24 Cal. 607; *Richmond* v. *Marston*, 15 Ind. 134; *Muir* v. *Berkshire*, 52 Ind. 151; *Nash* v. *Taylor*, 83 Ind. 347; *Griffin* v. *Proctor's Adm'r*, 14 Bush, 571; *Nolte* v. *Creditors*, 7 Martin, N. S., 603; *Harrison* v. *Bisland*, 5 Rob. (La.) 209; *Forte* v. *Union Bank*, 11 La. Ann. 708; *Roth* v. *Harkson*, 18 La. Ann. 705; *Brice* v. *Watkins*, 30 La. Ann. 21; *Shinn* v. *Budd*, 14 N. J. Eq. 236; *Sandford* v. *McLean*, 3 Paige, 117; 23 Am. Dec. 773; *Banta* v. *Garmo*, 1 Sand. Ch. 383; *Gadsen* v. *Brown*, 1 Speers Eq. 41; *Clarke* v. *Moore*, 76 Va. 262; *Watson* v. *Wilcox*, 39 Wis. 643; 20 Am. Dec. 63.) They are not entitled to subrogation, because not purchasers in good faith without notice of defect in the title. (*Branham* v. *San José*, 24 Cal. 585; *McGee* v. *Wallis*, 57 Miss. 644; 34 Am. Rep. 484; *Guckenheimer* v. *Angevine*, 81 N. Y. 394; *Wade* v. *Beldmeir*, 40 Mo. 486; *Conner* v. *Welch*, 51 Wis. 431.) They are not entitled to subrogation, because it does not appear that the claims of creditors could have been made a charge upon the realty for insufficiency of personal estate. No greater right can be claimed by subrogation than the creditors had. (Sheldon on Subrogation, sec. 6, and cases cited.) No compensation can be allowed for improvements except as a set-off to damage or rents. (Code Civ. Proc., sec. 741; *Williamson* v. *Williamson*, 3 Smedes & M. 715; 41 Am. Dec. 636; *Learned* v. *Corley*, 43 Miss. 687; *Bell* v. *Barnett*, 2 J. J. Marsh. 516; *Bennett* v. *Coldwell*, 8 Baxt. 489; *Putnam* v. *Ritchie*, 6 Paige, 390; *Wernke* v. *Hazen*, 32 Ind. 431; *Yount* v. *Howell*,

14 Cal. 465; *Green* v. *Biddle*, 8 Wheat. 1; *Ford* v. *Holton*, 5 Cal. 322; *Welch* v. *Sullivan*, 8 Cal. 511; *Bay* v. *Pope*, 18 Cal. 694; *Moss* v. *Shear*, 25 Cal. 44; 85 Am. Dec. 94.) The truth concerning material facts affecting the title must be unknown to the party claiming an estoppel *in pais*, and he must have lacked means of discovering it. (2 Pomeroy's Eq. Jur., sec. 810; *Martin* v. *Zellerbach*, 38 Cal. 315; 99 Am. Dec. 365; *Biddle Boggs* v. *Merced Mining Co.*, 14 Cal. 279; *Smith* v. *Penny*, 44 Cal. 165; *Davis* v. *Davis*, 26 Cal. 38, 44; 85 Am. Dec. 157; *Carpentier* v. *Thirston*, 24 Cal. 281; *McCracken* v. *City of San Francisco*, 16 Cal. 626; *Bowman* v. *Cudworth*, 31 Cal. 153; *Hill* v. *Den*, 54 Cal. 6; *Stockman* v. *Riverside L. & I. Co.*, 64 Cal. 59.)

McFARLAND, J.—This is an appeal by defendants, Hollister *et al.*, from an order denying a new trial. There is also another appeal by the same defendants (No. 12728) from the judgment rendered in the action. The transcripts in the two appeals are substantially the same; and as the points in the two are similar, they have been argued and submitted together. The subject-matter involved is the ownership and right of possession of two tracts of land, each being part of the Rancho dos Pueblos, in the county of Santa Barbara,—one containing 2,785 acres, and the other 112 acres. The main issue as to the ownership is between the heirs of Nicholas A. Den, deceased, and Hollister *et al.*, who claim as purchasers from the executors of said Den, deceased,—these purchases having been made without any orders of the probate court. The judgment of the court below was in favor of the heirs and against the purchasers, who appeal. The case has been in this court before. It was first decided in the lower court in favor of the purchasers, but upon appeal the judgment was reversed in this court, and the cause remanded. After some amendments to the pleadings, it was tried again, with the result as above stated.

When the case was here before, the history and facts of the case were so fully stated in the opinion of the court that we do not deem it necessary to restate them here. (See *Hill* v. *Den*, 54 Cal. 6.) And many of the questions involved were decided at that time, and have become the law of the case. We will therefore notice the new features which the present appeals present.

1. An important document in the case is a deed of trust, embracing one undivided half of the rancho, executed by said Nicholas A. Den and wife to himself and one R. S. Den, on September 16, 1851. This deed was attacked on the first trial as invalid and inoperative, for various reasons then presented; but this court held that deed to create a perfectly valid and operative trust for the purposes which it declared (54 Cal. 19, 20); and such must now be held to be the law on that point. On the first trial, however, while the appellants here denied the effect of this deed as claimed by the heirs, they admitted its due execution, but before the second trial they amended their pleadings so as to deny its execution. Therefore, the point as to its execution was not before this court on the former appeal. But at the second trial the court below found that it *was* delivered; and we think the finding is based on sufficient evidence. There is no dispute that the instrument was signed and acknowledged by Nicholas A. Den and his wife; but it is contended that there was no sufficient delivery, because there was no formal and physical handing of it over to the other trustee, R. S. Den. But R. S. Den was present when it was prepared, signed, and acknowledged, and consented to become one of the trustees therein and act as such. It remained afterward in the possession of Nicholas A. Den, who caused it to be recorded in the recorder's office a month or two afterward, and was among his papers at the time of his death, and in his will he referred to it, and recognized it as an effectual vesting of the property mentioned in it in the grantees

in trust.   The *intent* of the grantor is the main thing to be discovered.   Here the grantor was himself nominally one of the grantees; the deed was intended to be a deed of settlement for the benefit of his children, and was in the nature of a covenant to stand seised for the benefit of the *cestui que trust;* it was formally acknowledged and recorded; the other grantee was present and accepted the trust, and the grantor recognized it in his subsequent will.   These circumstances were sufficient to warrant the court in finding a complete execution of the instrument.

2.  Nicholas Den died on March 3, 1862, leaving a widow and ten children.   He also left a will, which was duly probated, in which José Maria Hill, Charles E. Huse, and Alfred Robinson were named as executors. Robinson afterward resigned as executor, and Hill and Huse undertook, without any order of the probate court, to sell and make conveyances of land of the estate to Hollister and others, — under which conveyances appellants claimed the legal title at the first trial.   But this court, on the former appeal, construed the will, and held that it gave no power to the executors to sell the real property; that such sale could have been made only under an order of the probate court; and that the sales and conveyances attempted to be made were void.   (54 Cal. 21, 22.)   This ruling was not only clearly correct, but is the law of the case.

It is urged, however, that although the sales by the executors were void, still the doctrine of estoppel *in pais* may be invoked by appellants. . But the facts and pleadings on that point are substantially as those on the former appeal; and this court then held that " there is no foundation here for the claim of an estoppel *in pais.* The rules which govern in such cases have been so often laid down here that they do not require repetition."   This ruling, adopted by the court below, meets our approbation, and is also conclusive on the point.   (54 Cal. 23.)

3. The point that the heirs were barred by the statute of limitations was also made on the former appeal, and decided adversely to appellants, — this court holding that "the statute of limitations has no application." (54 Cal. 23.)

4. The appellants make the point, which does not appear clearly to have been made at the former trial and appeal, that, upon the doctrine of subrogation, they are entitled to be reimbursed the amounts paid by them at the void sales. On this point we agree with the findings and opinion of the learned judge of the court below. When one purchases land at a void judicial sale, in entire ignorance that it is void, and in good faith pays money thereon, which is applied to the satisfaction of a lien or encumbrance upon the land, it has been held, in some cases, that he should be put in the place of the creditor, to the extent, at least, that his money has satisfied the lien. But in the case at bar, the purchasers knew of the deed of trust and the will; knew of the want of power of the executors to sell without an order of the probate court; were warned not to purchase without the order and sanction of said court, and purchased in the face of this knowledge and caution. They were not, therefore, ignorant purchasers in good faith to whom the doctrine of subrogation would, under any circumstances, apply. Moreover, their payments were not made to the heirs who are parties here, but to the executors and trustees, who used the money indiscriminately with other moneys received from sales of personal property and other lands for various purposes. As said by the court below: "Neither by allegation in the pleadings, nor in the evidence, has any successful attempt been made to segregate the various payments or applications of these heterogeneous funds." For these reasons, we think the court was right in rejecting this claim of subrogation, and therefore it is not necessary to examine the question whether such a claim was not within the exclusive prov-

ince of the probate court, and whether a court of equity, under our system, has jurisdiction to enforce payment of claims against an estate of a deceased person.

5. Appellants contend that they should have been allowed for the value of their improvements made on the land. Without entering into the discussion of the question whether *any* such allowance can be made to one who has not been a purchaser without knowledge and in good faith, we think it clear that, under our statute and former decisions in this state, such allowance can be made only as an offset for damages claimed for withholding possession. (Code Civ. Proc., sec. 741.) Such allowance was made in the case at bar. The court found that the value of the improvements placed on the land was in excess of the value of the rents and profits, and therefore allowed respondents no judgment for rents or damages. This was all that appellants were, under any view, entitled to demand.

We have thus referred to all the main points in the case, and see no others necessary to be noticed in detail. We find no error committed by the court below. This case has been very elaborately and ably presented in the various briefs of counsel. A great many authorities have been cited and discussed. It would be impossible for us to review those authorities in an opinion without exceeding all reasonable bounds. We have therefore given only our conclusions.

The order denying a new trial is affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.