[No. 13214.  Department Two. — June 26, 1891.]

## M. V. HELM, RESPONDENT, v. J. G. WILSON, APPELLANT.

EJECTMENT — DEFENSES — IMPROVEMENTS — INSTRUCTIONS AS TO VERDICT. — In an action of ejectment, where it appeared that the plaintiff owned the land, unless the defendant had acquired a title to it by adverse possession or by reason of an alleged agreement between the grantors of both parties for a division line, an instruction to the effect that the plaintiff is entitled to recover, unless the defendant had acquired title in some one of the ways claimed by him, and that "the fact that the defendant has placed improvements upon the property in dispute" should not make any difference with the verdict to be given in the case, is not erroneous, although the answer had also pleaded the improvements as a set-off to damages and rent.

ID. — AGREED LINE — PAROL EVIDENCE — BURDEN OF PROOF — INSTRUCTION. — An instruction to the effect that the burden was upon the defendant to establish the agreed division line by parol testimony, and that unless the line claimed by him was distinctly agreed upon by the adjacent owners, the jury could not find in his favor upon the theory of an agreed line, is not erroneous or misleading as impliedly excluding parol evidence to prove the agreed line from the acts, situation, acquiescence, and relations of the parties.

ID. — ESTOPPEL IN PAIS — MODIFICATION OF INSTRUCTION ASKED. — When an instruction requested by the defendant upon the subject of estoppel does not contain all the elements of an estoppel in pais, and might properly have been refused, it is not ground of reversal for the court to modify it, and give it as modified, if the jury is not misled and the defendant is not prejudiced by the instruction as modified.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion, and in the former decision in the same case, reported in 76 California, 476.

LXXXIX. CAL.—38

*Yell & Seawell*, for Appellant.

Where coterminous proprietors of land in good faith agree upon, fix, and establish a boundary line between their respective tracts of land, in which they acquiesce and under which they occupy for a period equal to that fixed by the statute of limitations, the line as thus established is binding upon them and those holding under them or either of them. (*Helm* v. *Wilson*, 76 Cal. 485; *Truett* v. *Adams*, 66 Cal. 223; *Sneed* v. *Osborn*, 25 Cal. 619; *Silvarer* v. *Hansen*, 77 Cal. 579; *Columbet* v. *Pacheco*, 48 Cal. 395; *Biggins* v. *Champlin*, 59 Cal. 113; *Tracy* v. *Newton*, 57 Iowa, 210; *Jackson* v. *Van Corlaer*, 11 Johns. 123; *White* v. *Spreckels*, 75 Cal. 610; *Brown* v. *Caldwell*, 10 Serg. & R. 114; 13 Am. Dec. 660; *Beecher* v. *Parmele*, 9 Vt. 352; 31 Am. Dec. 633; *George* v. *Thomas*, 16 Tex. 74; 67 Am. Dec. 612.) If two persons trace their dividing line, both recognizing it as such, even without any agreement more than is implied from their acts, and one goes forward with the knowledge and acquiescence of the other, and makes valuable improvements, so valuable as to work a great injury to the party making them if the line be disturbed, the other will be estopped from afterward alleging such mistake as shall deprive the builder of his improvements, and especially if the party seeking to disturb the line knew at the time the improvements were made all that he subsequently learned, or if he had the means of knowing the dividing line. (Code Civ. Proc., sec. 1962, subd. 3; *Volde* v. *Vodecka*, 49 Mo. 98; Wait's Actions and Defenses, 718; Herman on Estoppel, secs. 1129, 1136; *Helm* v. *Wilson*, 76 Cal. 486; *Adams* v. *Rockwell*, 16 Wend. 285; *Pickett* v. *Nelson*, 71 Wis. 542; *Jones* v. *Pashby*, 67 Mich. 459; *George* v. *Thomas*, 16 Tex. 74; 67 Am. Dec. 612.)

*J. A. Cooper*, and *T. L. Carothers*, for Respondent.

There is no law by which the plaintiff, if ignorant of his true line, would be estopped because he did not object to

improvements being put upon land that he did not believe he owned, but afterwards found that he did own. (*Biddle Boggs* v. *Merced Mining Co.*, 14 Cal. 369.)

BELCHER, C.—This is the second appeal in this case. The decision on the first appeal is reported in 76 California, 476, and the facts involved in the case are there very fully stated. The new trial again resulted in a judgment for the plaintiff, from which, and from an order refusing a new trial, defendant appeals.

The question in controversy was as to the true location of the line dividing the lands of plaintiff and defendant. The defendant pleaded the statute of limitations, and then alleged that while the line was uncertain and in dispute, the grantors of plaintiff and defendant agreed upon and established the line claimed by defendant as the true line, and erected and maintained a fence thereon; that they and their successors in interest thereafter, till the commencement of this action, acquiesced in the line so agreed upon and established, and respectively held and claimed possession up to the same. The defendant further, " as a set-off for all damages and rents claimed by the plaintiff, or that may be recovered by him," alleged that he had placed certain permanent improvements upon the disputed strip of land, and that in the erection of the improvements he acted in good faith, and believed he had a good title to the said strip.

At the trial, the evidence upon most of the issues raised by the answer was conflicting. The court gave to the jury eight instructions at the request of the plaintiff, and six at the request of the defendant. These instructions state the law applicable to each party's theory of the case, and should be read together; when so read, they seem to cover the whole case, and to be clear and explicit.

The only points made in support of the appeal are, that the court erred in giving the sixth and seventh instructions asked by the plaintiff, and in modifying one of the instructions asked by the defendant.

The sixth instruction was to the effect that the plaintiff was entitled to recover, unless the defendant had acquired title to the land in dispute in some one of the ways set up in his answer, "and the fact that defendant has placed improvements upon the property in dispute should not make any difference with the verdict you should give in the case."

We see no error in this instruction. It was not and is not questioned that the plaintiff owned the land, unless the defendant had acquired title to it as against him; and if he did own it, certainly his action could not be defeated by a showing that defendant had placed improvements upon it.

The seventh instruction was, in substance, that the burden was upon the defendant to establish an agreed line by parol testimony, and that unless the line claimed by defendant was distinctly agreed upon by the adjacent owners, the jury could not find in favor of the defendant upon the theory of an agreed line.

It is claimed that the word "distinctly," as used in the instruction, "was calculated to mislead the jury in this, that they were impliedly told no parol evidence was admissible to prove an agreed line from the acts, situation, acquiescence, and relations of the parties." We do not understand this to be the effect of the instruction. In the eighth instruction asked by the plaintiff, and in the third asked by the defendant, the court very clearly told the jury when and under what circumstances a division line would become established by the acquiescence of the parties. Here the court was speaking of a line claimed to have been established by an oral agreement, and the jury were simply told that, to make such an agreement effective, it must have been distinctly made; that is, the minds of the parties must have fully met. In this we see no error prejudicial to the defendant.

Defendant's instruction, which was modified and given, was upon the subject of estoppel. Other instructions

upon that subject were given at his request, which very fully stated the law applicable to the case.    The instruction complained of did not state all the elements or conditions necessary to constitute an estoppel *in pais*, and it might properly have been refused.    As modified, we do not think it misled the jury or prejudiced the defendant.

The judgment and order, in our opinion, should be affirmed, and we so advise.

VANCLIEF, C., and TEMPLE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.