[No. 18174.   Department One. —February 6, 1894.]

## M. D. ESHLEMAN, RESPONDENT, *v.* G. H. MALTER ET AL., APPELLANTS.

DEEDS—DESCRIPTION—SUBDIVISION OF EXCESSIVE GOVERNMENT SECTION— PRO RATA DIVISION.—Where the description in a deed calls for a legal subdivision of a section of surveyed land, the four corners of which are established with reasonable certainty, but the quarter-section corners are lost, and the section exceeds six hundred and forty acres, the division lines of the fractions of the section are to be determined by a division *pro rata* of the lines of the section as they appear upon the ground.

QUIETING TITLE—IMPROVEMENTS—IMMATERIAL AVERMENT IN ANSWER— FINDING NOT REQUIRED.—In an action to quiet title, where the plaintiff's ownership of the land in controversy is established, an averment in the answer that the defendant made valuable improvements upon the land while in possession thereof is immaterial, and a finding thereupon is not required.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. D. Tupper,* for Appellants.

*Edward Lynch,* for Respondent.

When the description of a deed calls for a subdivision of a section of surveyed land, the quarter-section corners being lost, and the section exceeding six hundred and forty acres in area, the division lines of the fractions of

the section should be determined by division *pro rata* of the lines of the section as it is found to exist. (*Miller* v. *Topeka Land Co.*, 44 Kan. 354; *Powers* v. *Jackson,* 50 Cal. 429.)  Compensation for improvements placed on the land while plaintiff owned it cannot be allowed as offset or in defense to the action.  (See *Ford* v. *Holton,* 5 Cal. 319; *Kilburn* v. *Ritchie,* 2 Cal. 145; 56 Am. Dec. 326; *Welch* v. *Sullivan,* 8 Cal. 165; *Carpentier* v. *Mitchell,* 29 Cal. 330; *Love* v. *Shartzer,* 31 Cal. 488; *Hannan* v. *McNickle,* 82 Cal. 127; *Huse* v. *Den,* 85 Cal. 401; *Yount* v. *Howell,* 14 Cal. 465; *Helm* v. *Wilson,* 89 Cal. 593.)

GAROUTTE, J.—This is an action to quiet title to a small strip of land containing about 2.88 acres.  Plaintiff being the owner of section 17 of a certain township and range, sold to defendant the west one-half of the northwest one-quarter of said section, and the location of defendant's eastern boundary line thereof is the point in dispute.  It is insisted that the evidence is insufficient to support the finding of the court as to the ownership of the land being in the plaintiff, but upon an examination of the record, we think the evidence in this regard sufficient.  The four corners of the section are established by the evidence with reasonable certainty, and these four corners being located any legal subdivision may be readily ascertained.  The evidence disclosed that the section contained about 664.43 acres, and that the north line of the section was 82.21 chains in length.  Appellant appears to concede that, if the north line of plaintiff's land exceeds 60 chains in length, then the land in litigation is included in her holding; and that the north line of her land is of greater length than 60 chains is very evident.

When the description of land in a deed calls for a legal subdivision of a section of surveyed land, the quarter-section corners being lost, and the section exceeding 640 acres in area, the division lines of the fractions of the section are determined by a division *pro rata* of the

lines of the section as they appear upon the ground. This is the doctrine laid down in *Miller* v. *Topeka Land Co.*, 44 Kan. 354, and in the cases there cited. Applying that principle to the present case, the north-west corner of the plaintiff's land would be located at a point upon the north line of the section distant from the northeast corner thereof three-fourths of the length of the north line, and this would give the length of plaintiff's north line to be about 61.65 chains.

The fact that defendant claimed by his answer to have made valuable and permanent improvements upon this tract of land while he was in possession thereof is immaterial to the case, and a finding as to such allegation of the answer was not required. (*Helm* v. *Wilson,* 89 Cal. 593.)

For the foregoing reasons it is ordered that the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.