[Civ. No. 4361. Second Appellate District, Division One.—October 15, 1924.]

## PHILIP L. WILSON, Appellant, 'v. SIDNEY SMITH, Respondent.

[1] VENDOR AND VENDEE—EXECUTORY CONTRACT—BREACH BY VENDEE —LIEN FOR IMPROVEMENTS.—A purchaser of real property under an executory contract of sale, after failure to perform his obligations under such contract, is not entitled to a lien upon the property for the value of improvements installed by him upon the land during the time he was in possession under the contract.

[2] ID.—ABANDONMENT BY VENDEE—SECURITY FOR LOSS.—One who has himself abandoned the contract, or has refused to perform it according to its terms, is not afforded a lien to secure him from loss because of his own breach of the contract.

(1) 39 **Cyc.**, pp. 1401, 1639, 2075.   (2) 39 **Cyc.**, pp. 1401, 1639, 2038, 2075.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge. Reversed.

The facts are stated in the opinion of the court.

Carroll Allen, Howard S. Lewis and Clarence E. Fleming for Appellant.

F. E. Davis for Respondent.

CONREY, P. J.—In April, 1914, the plaintiff, with two other persons, owners of a tract of land in Los Angeles County on which there was a pumping plant and some wells, entered into an agreement with the defendant whereby the land owners, as parties of the first part, agreed to convey to the defendant, party of the second part, that part of the land (amounting to one acre) on which the pumping plant and wells were located. A supplemental agreement

---

1. Lien of purchaser for improvements under repudiated contract, note, 2 **Ann. Cas.** 932.

Right of defaulting purchaser to reimbursements for improvements, note, **Ann. Cas.** 1917C, 85. See, also, 27 **R. C. L.** 656.

was made in May, 1914. The defendant agreed to lay water-mains throughout the entire tract, and to maintain the plant and lines, and to furnish to the parties of the first part irrigation water at a specified rate. Three years later the defendant entered into a contract granting to Peters and Whiting an option to purchase the property which was to have been conveyed to him under the agreement of 1914. Thereafter Peters and Whiting transferred to the plaintiff all of their right and interest in their said agreement with the defendant. Thereafter the defendant surrendered possession of said property to the plaintiff. On the twenty-fifth day of April, 1922, the plaintiff commenced this action against Smith to quiet title to said premises. The defendant by his answer set forth the above-mentioned contract, together with the fact of the assignment of the Peters and Whiting contract to the plaintiff, and alleged that the plaintiff had failed, neglected and refused to perform sundry obligations entered into by him under the provisions of said contracts. The defendant by his said answer claimed that the plaintiff holds the title to the property involved in this action, if at all, subject to the performance on his part of the terms and conditions of the contracts and each of them and not otherwise; that the plaintiff, by reason of his failure to perform his obligations under said contracts, is not entitled to any relief in this action.

The court by its findings herein determined that the plaintiff is the owner and entitled to possession of the property in question, but that the defendant has an equitable lien thereon in the sum of fifteen hundred dollars; that said claim is based upon certain improvements made and installed on said property by the defendant pursuant to said contracts of 1914; "that said contracts and the terms, covenants and conditions thereof have not been fully or otherwise performed by defendant Sidney Smith, and each of the same, by reason of said nonperformance, are and is null and void; but by reason of the improvements made by said Sidney Smith pursuant to the terms thereof, and of which plaintiff has secured and is now enjoying the benefit, said Sidney Smith is entitled to the sum of fifteen hundred dollars." The court further found that it is not true that the plaintiff has failed, neglected, or refused to carry out or perform any of the terms on his part to be performed under any

of said contracts; "that it is not true that the plaintiff, Philip L. Wilson, holds the title to the said real property, subject to the faithful performance on his part of the terms and conditions, if any, of said contract, but it is true that the plaintiff, Philip L. Wilson, holds the legal title to said property, subject to the payment to the defendant, Sidney Smith, of the sum of fifteen hundred ($1500.00) dollars."

[1] Respondent has not filed any reply to appellant's brief, although he has had abundant time and opportunity so to do. The question presented for determination here as stated by counsel for appellant is: "Can a purchaser of real property after his default, recover for improvements installed on the land when the vendor has not refused to complete the sale and is not in default?" We venture to suggest that the real question is, whether or not such purchaser, under the stated facts, is entitled to a lien upon the property for the value of improvements thus installed by him on the land. We are of the opinion that the right to such lien, under the stated circumstances, does not exist.

In *Merrill* v. *Merrill*, 103 Cal. 287 [35 Pac. 768, 37 Pac. 392], the plaintiff, who was purchaser under a contract of sale of real property, made default in the payment of an installment after she had paid three thousand dollars of the purchase price. Thereupon the vendor demanded and obtained the deed which had been deposited in escrow, and denied the right of the plaintiff to purchase. The court rendered judgment in her favor for the money which she had paid, but refused to allow her a lien upon the land. The plaintiff appealed from this judgment and relied upon section 3050 of the Civil Code, which reads as follows: "One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back, in case of a failure of consideration." But the court held that said section should be construed in accordance with the well-known rules of equity, under which no such lien exists in favor of one who is in default. [2] "One who has himself abandoned the contract, or has refused to perform it according to its terms, is not afforded a lien to secure him from loss because of his own breach of

the contract." In *Montgomery* v. *Meyerstein,* 186 Cal. 459, 464 [199 Pac. 800], the court again referred to section 3050 of the Civil Code, and declared that it was not intended to abrogate the previously established rules of equity on the subject. The court quoted with approval a statement of the doctrine relating to the right of a vendee to a lien upon land as security for the repayment of what he has paid, or for the repayment of moneys expended for improvements on the land, which statement, as quoted, in terms excluded from the conditions authorizing such relief any act "due to the default of the vendee."

Under the findings of fact in the present case, it is clear that the only default that has occurred in the matter of compliance with the terms of the contracts has been the default of the defendant. This being so, he is not entitled to a lien upon the land as security for the repayment of any expenditures which he may have made thereon.

The judgment is reversed. .

Houser, J., and Curtis, J., concurred.