[Civ. No. 5792. Second Appellate District, Division One.—September 26, 1928.]

HILDA TROWER, etc., et al., Appellants, v. GEORGE A. RENTSCH et al., Defendants; JOHN A. NOVOTNY, Respondent.

Lewis J. Utt for Appellants.

C. J. Novotny and E. S. Torrance for Respondent.

HOUSER, J.—The outstanding facts upon which this appeal is predicated are that plaintiffs were the owners of certain real property which they sold on an installment contract to defendant Rentsch for the sum of $700, of which amount the sum of $100 only was paid on account of the purchase price of the property. Thereafter, Rentsch entered into an agreement with defendant Carpenter for the construction by him of a building thereon. After such construction had progressed to some extent, owing to some financial embarrassment, defendant Carpenter, being unable to complete his said contract, assigned all his right, title, and interest therein to defendant Novotny. Prior to the commencement of building operations on the property, in at least attempted compliance with the provisions of section 1192 of the Code of Civil Procedure, plaintiffs posted on the property a notice to the effect that they would not be responsible for the payment of the labor or materials used in the construction of the proposed building, and thereafter filed for record a copy of such notice in the office of the county recorder of the county in which the property was situated—notwithstanding which, certain lien claimants (other than defendant Novotny) filed for record their respective claims of lien against the property on account of either labor performed or materials furnished by them in the construction of the building. Rentsch, who was the person who had contracted with plaintiffs for the purchase of the property, defaulted in the payment of the purchase price thereof and repudiated his said agreement of purchase. Thereupon plaintiffs rescinded said contract, but offered to defendant Novotny to sell the property to him for the balance of $600 due on the original contract of sale between plaintiff and Rentsch, "together with accrued interest, taxes and assessments, plus the sum of $15 for bringing down the title to said land and $1 revenue stamps"—making a total of $663.57—which offer defendant Novotny failed to accept within a reasonable time thereafter. Some time prior to the happening of the last-mentioned fact, defendant Rentsch executed and caused to be recorded a trust deed of the property herein involved, wherein defendant Carpenter was named as beneficiary, purporting to secure the payment to said defendant Carpenter of the sum of $1,400. In such circumstances, plaintiffs commenced an

action to quiet title to the property. Therein no claim of damages of any sort, whether by reason of detention or withholding of the property, or otherwise, was made by plaintiffs against any of the defendants. Besides Rentsch, Carpenter, Novotny, and Bruffy, to which last-named person Novotny (without any title in him whatsoever) had sold the property, the various lien claimants were made parties defendant. With the exception of defendant Novotny, all the defendants defaulted and judgment was rendered against them. Defendant Novotny answered the complaint and filed a cross-complaint, by which, as later amended, among other things, he sought to have plaintiffs reimburse him for the value of the improvements placed upon the property by him and Carpenter, his predecessor in the building contract.

Other than that the building was constructed by Carpenter and Novotny in good faith, but, nevertheless, with full knowledge on the part of each of them as to the condition of the title of the property and all facts as hereinbefore set forth, no finding of fact was made by the trial court in favor of any of the allegations contained either in the answer or the cross-complaint of defendant Novotny, and nothing was awarded to him by reason thereof. Preliminarily, as a condition precedent to any relief to be granted to plaintiffs, it was ordered by the trial court that within a fixed time plaintiffs pay to defendant Novotny the value of the improvements placed by him and his predecessor in interest on the property, amounting to the net sum of $1,949.16. Plaintiffs declined to make such payment. Thereupon judgment was ordered that plaintiffs take nothing as against defendant Novotny, and that defendant Novotny recover the costs expended by him in the action.

As hereinbefore stated, defendant Novotny made no claim of lien against the property by reason of any labor performed or material furnished in the construction of the improvements. His defense, as well as his asserted cause of action, rested entirely upon the equitable principle that "he who seeks equity must do equity"; and it was solely upon that basis that the judgment of the lower court was rendered in his favor.

Chapter III of title 10 of part 2 of the Code of Civil Procedure is devoted to "actions to determine conflicting

claims to real property, and other provisions relating to actions concerning real estate." By the first section (sec. 738, Code Civ. Proc.) of that chapter, among other things, provision is made for an action such as was brought by plaintiffs herein—to quiet title to the real property. In the same chapter, and in the fourth section thereof (sec. 741, Code Civ. Proc.), it is provided that:

"When damages are claimed for withholding the property recovered, upon which permanent improvements have been made by a defendant, or those under whom he claims, holding under color of title adversely to the claim of the plaintiff, in good faith, the value of such improvements must be allowed as a set-off against such damages."

It may be noted that before the "value of such improvements" may be allowed to the defendant in an action of the nature of that before the court, the presence of certain conditions precedent must be shown to exist, in that damages must be claimed by the plaintiff for the withholding by the defendant of the property involved and the improvements must have been made by the defendant, or by his predecessor in interest, holding adversely, in good faith and under color of title.

In the instant case none of such conditions favorable to defendant Novotny is present. No damages were claimed by plaintiffs against any of the defendants for withholding of the property; neither defendant Novotny, nor his predecessor in interest, had color of title to the property; neither of them held a title of any kind to the property adversely to the claim of plaintiffs, either in good faith or at all. As hereinbefore stated, the basis of the judgment in favor of defendant Novotny was rested on the principle of equity, to which attention has been directed. But admitting the general application of such principle, it cannot prevail when contrary to the provisions of a positive statute. Considering the language of the statute, and the fact that all issues were decided by the trial court against the allegations contained in the cross-complaint of defendant Novotny, it would seem clear that 'an incorrect conclusion was reached. The principle involved is announced in the case of *Wood* v. *Henley*, 88 Cal. App. 441 [263 Pac. 870], that in an action to quiet title the defendant cannot be allowed reimbursement for improvements made

by him upon the property sought to be quieted except by way of set-off against any damages which may be claimed by the plaintiff for the withholding of the property; and where no damages are pleaded or asked for by the plaintiff reimbursement cannot be had. To the same effect is *Huse* v. *Den*, 85 Cal. 390 [20 Am. St. Rep. 232, 24 Pac. 790].

In view of the fact that none of the allegations contained in the cross-complaint of defendant Novotny with reference to his claimed right to be compensated for the value of the improvements placed on the property by him and defendant Carpenter were sustained by the findings of the trial court, no foundation was laid upon which such compensatory relief ordered by the trial court in favor of defendant Novotny could be predicated. For illustration of the principle, see *O'Brien* v. *O'Brien*, 197 Cal. 577, 584 [241 Pac. 861]; *Martin* v. *Bartmus*, 189 Cal. 87 [207 Pac. 550]; *Wilson* v. *Smith*, 69 Cal. App. 211 [230 Pac. 963].

It follows that the judgment should be reversed. It is so ordered.

It is directed that the superior court enter judgment quieting the plaintiff's title to the property described in her complaint, and in accordance with the prayer of the complaint.

Conrey, P. J., and York, J., concurred.