[Civ. No. 16738. First Dist., Div. Two. Mar. 19, 1956.]

E. A. TALIAFERRO, Appellant, v. JOSEPH COLASSO et al., Respondents.

E. A. Taliaferro, in pro. per., for Appellant.

Benjamin F. Marlowe for Respondents.

DEVINE, J. pro tem.*—Plaintiff brought this action to quiet title to a parcel of real property and for eviction and he was awarded judgment quieting title and for eviction, on condition, however, that he pay to defendants and cross-complainants the sum of $3,000. The judgment impresses a lien on the property as security for the $3,000, and awards costs to defendants. Both parties to the action agree that plaintiff is and has been the owner of the property at all times relevant to the cause. The appeal is from that part of the judgment which awards the $3,000 and makes payment thereof a condition for right of possession, and impresses the lien.

The case is one involving persons who are of that unfortunate and, in this state, unfavored class known as innocent improvers of real property, and has to do with their position with relation to that of the true owner. Plaintiff bought the land in question at a tax sale in 1942, and he has never parted with title to it. It is true that he, in turn, became delinquent in paying taxes, and the property was sold to the state. It was redeemed by plaintiff during the course of the trial. However, no point is raised of plaintiff's ownership.

The lot is described as Lot 20 in Block 12, Richmond Pullman Pueblo Tract. In about 1944 someone built a house on Lot 20 and it is this house which has been occupied by defendants. It is probable that the owner of Lot 21, who bought that lot from plaintiff, by mistake built the house on the wrong lot. Lot 21 was sold several times, the last time being in 1947, when defendants bought from one Kramer and received a deed which described it properly. They thought, however, and so did the seller, who also testified, that the

house was on Lot 21. No survey was made. Defendants went into possession, and remained undisturbed until 1949, when plaintiff made demand for possession. While they were in possession, and before they discovered the mistake, they made certain improvements about the house and its walks.

Plaintiff testified that although he saw the building on the lot, he did not know which lot it was on; that he had purchased 100 or 125 lots at tax sales; that he did not know the boundaries of the lots.

The findings are in part specific and in part an assent to the truthfulness of the allegation contained in the second cause of action in the cross-complaint. There is a specific finding that defendants were put in possession and allowed to remain in possession through the neglect, fault and lack of diligence of plaintiff. From the court's general finding that all of the allegations of the second cause of action are true, there would be deducible findings that during the occupancy by defendants, plaintiff "observed or had an opportunity to observe or should have observed" the improvements that were made by defendants; that plaintiff made no claim of ownership until July, 1949, that $3,000 was spent for improvements, repair and upkeep; that defendant acted in bad faith.

Plaintiff had sought damages amounting to rental value, but the court concluded he was not entitled to such damages.

Legal title to the house passed to plaintiff. (Civ. Code, § 1013.)

Unless plaintiff was in some way estopped to assert his title, a subject later discussed, his ownership to the lot and the house is unassailable. We turn to the question of the judgment on the cross-complaint.

Innocent improvers of land receive very circumscribed relief under the laws of this state. At early common law no award or setoff for improvements could be allowed, no matter what color of title the occupier had acted upon. (31 C. J. 313; *Ford* v. *Holton*, 5 Cal. 319, 321.)

However, three movements towards relief for innocent improvers occurred: 1. The common law itself was modified to allow an offset to claims for damages for withholding. (31 C.J. 313, § 14.)

2. Courts of equity, following the practice of the civil law, commenced to impress an equitable lien for improvements when the owner sought some equitable relief, such as

quieting of title, on the principle that he who seeks equity must do equity. (Pomeroy, Equity Jur., 5th ed. vol. 4, § 1241.)

3. Statutes, known as betterment statutes, were enacted which allow measures of relief varying in the different states.

 A limited measure of relief to improvers is allowed under section 741 of the Code of Civil Procedure. This section, a "betterment statute," allows the value of the improvements to be offset against damages for withholding, where the possessor of the land (or his predecessor) held under color of title adversely to plaintiff made improvements in good faith. The only award that can be made to the defendant under that section is an offset to damages sought for wrongful withholding, and when such damages are not sought, or are not awarded, no affirmative judgment in favor of the defendant can be made. (*Ford* v. *Holton*, 5 Cal. 319; *Huse* v. *Den*, 85 Cal. 390 [24 P. 790, 20 Am.St.Rep. 232]; *Kinard* v. *Kaelin*, 22 Cal.App. 383, 389 [134 P. 370]), and this is so not only in an action at law, but also where the plaintiff seeks to quiet title. (*Wood* v. *Henley*, 88 Cal.App. 441 [263 P. 870].) Damages for withholding having been denied in the instant case, no judgment for damages in defendants' favor was allowable according to the terms of the section.

If it were to be argued that section 741 is not exclusive, and that the general equity power of the court could be brought into play, on the ground that in this case defendants did not claim under color of title at all, but merely made a mistake as to location, the argument could not avail, on grounds both of logic and of authority. It would be illogical to hold that one who did not have color of title stood in better position than one who was no more than an unwitting trespasser. In the case of *Trower* v. *Rentsch*, 94 Cal.App. 168 [270 P. 749], it was held that the section 741 prevents the application of the general principle that "he who seeks equity must do equity" to this type of case the statute being the exclusive remedy. Thus, in this state the remedy being the exclusive one set forth in the statute, is no greater than that allowed under the modified common law rule, prescinding from the removal of the improvements under the recent law mentioned below.

Although a larger measure of amelioration is allowed in many other jurisdictions (see cases collected in 104 A.L.R. 577 n.), and although an appeal was made as long ago as 1927 for a broader statute, and one which would cover cases of

persons who mistakenly built on another's land: (see W. W. Ferrier, Jr., *A Proposed California Statute Compensating Innocent Improvers of Realty,* 15 Cal.L.Rev. 189 et seq.), section 741 has not been changed. It was the opinion of Professor Ferrier, as stated in that article, at page 190, that it is not improbable that had our betterment statutes, section 741 of the Code of Civil Procedure and its predecessor in the practice act, not been passed, the civil law rule in time would have been followed.

In 1953, section 1013.5 was added to the Civil Code to allow removal of improvements to land under certain conditions, but that section has not been invoked in the case. The fact that the Legislature did provide for this kind of relief is some evidence that no enlargement of the relief provided by section 741 of the Code of Civil Procedure, as that section has been construed by the courts, was intended by the Legislature.

The parts of the judgment allowing relief to the cross-complainants must be set aside.

That part of the judgment which quiets title in plaintiff is to be affirmed. Although defendants have not appealed, being satisfied to stand on the judgment with the relief it would grant them, nevertheless, in affirming the element of the judgment quieting title while we set aside the award for improvements, we deem it appropriate to observe that no estoppel against plaintiff's assertion of title was made out by the evidence. If, therefore, the trial court had decided that positive relief could not be given to defendants and cross-complainants, the court could not have withheld judgment quieting title in plaintiff, so that separation of the parts of the judgment works no injustice.

It has been the rule in this state since the case of *Biddle Boggs* v. *Merced Mining Co.,* 14 Cal. 279, that in order to bring about an estoppel against assertion of ownership of real property, four conditions against the owner of real property are necessary: 1. that the party to be estopped was apprised of the true state of his own title; 2. that he made the admission with intent to deceive or with such culpable negligence as to amount to constructive fraud; 2. that the other party was not only destitute of knowledge of the state of the title, but also of the means of acquiring knowledge; and 4. that he relied on the admission to his damage.

It would seem that almost all, if not quite all, of the ele-

ments of estoppel necessary in real property cases are missing. There is very slight evidence to support an inference that plaintiff actually knew that the building was on his land, the most that was shown being that he drove by the property about once a year. ■ However, assuming it were shown that he had such knowledge and remained silent that would be insufficient, when private real property is involved and there is no fiduciary relationship by the owner. (*Leonard* v. *Flynn*, 89 Cal. 535 [26 P. 1097, 23 Am.St.Rep. 500] ; *Verdugo Canyon Water Co.* v. *Verdugo*, 152 Cal. 655, 674 [93 P. 1021] ; *Stevens* v. *Oakdale Irr. Dist.*, 13 Cal.2d 343, 353 [90 P.2d 58].)

There must be an active participation by the owner such as selling materials for the improvements (*Bearsley* v. *Clem.* 137 Cal. 328 [70 P. 175]), working on the improvement (*Holmes* v. *Snow Mountain W. & P. Co.*, 36 Cal.App. 394 [172 P. 178]), or similar acts of wilfulness and culpability. Moreover, equal opportunity to learn the true state of affairs was available to defendants, whose deed contained no misdescription. The real cause of their troubles was not the silence of plaintiff but their assumption and Kramer's that the house was built on the lot they bought.

The judgment is affirmed so far as it decrees quieting of title in plaintiff and issuance of a writ of possession, but is reversed insofar as it awards damages to cross-complainants and imposes a lien on plaintiff's property and requires payment as a condition of a writ of possession, and awards costs to cross-complainants.

Dooling, Acting P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied April 4, 1956.