# CASES

IN THE

# SUPREME COURT OF COLORADO.

## APRIL TERM, 1879.

## BROWN v. WILLOUGHBY.

1. In taking an appeal from an order denying a motion for a new trial, under section 338 of the code, notice of the appeal must be given within sixty days after the making of the order.

2. An "intermediate order" within the meaning of section 346 of the co e, is an order from which no appeal can be taken, and which, but for the provision of the code, could not be reviewed.

3. Where no appeal is taken from an order denying a motion for a new trial, the court will not examine the evidence with a view to determine whether it is sufficient to support the judgment. But any error of law in admitting or excluding evidence, may be reviewed on appeal from the judgment, if made part of the record by bill of exceptions or statement on appeal.

4. In an action for malicious prosecution, actual knowledge that a crime was committed is not necessary, nor is it essential that the prosecutor should *know* the facts and circumstances upon which he predicates his belief. He may act upon credible information or deceptive appearances of guilt, if he acts in good faith.

5. If in such case the defendant can show that he had probable cause for his conduct in instituting the prosecution, he is not liable. Probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary prudence and caution to believe, or entertain an honest and strong suspicion, that the person arrested is guilty.

6. In such action, if want of probable cause be shown, the proof of actual malice is also requisite to sustain the action. Actual malice may be proved by the acts and declarations of the party, or it may be inferred by the jury from the want of probable cause.

(1)

7.    Whatever tends to show evil intent on the part of the prosecutor in instigating the indictment is properly admissible in evidence.    The intent of the prosecutor is the controlling inquiry when there is want of probable cause.

8.    The official stenographer of the court was permitted to read from his notes the testimony of a witness taken at the trial of the indictment, and who was beyond the jurisdiction of the court at the trial of this cause, for the purpose of showing want of probable cause; *held*, that the stenographer's testimony was competent.

*Appeal from the District Court of Arapahoe County.*

CASE for malicious prosecution.

In the fall of 1874, Willoughby, the appellee, was sheriff of Arapahoe county.    As such officer he levied, at the suit of Brown, the appellant, a writ of attachment upon a stock of dry goods and notions of the property of the firm of Mines and Elliott.    In April of the following year Brown's suit ripened into a judgment, he sued out a special execution, and at the request of Brown, Willoughby removed the goods to the auction house of Clark & Co., and advertised the sale, as required by statute.    The sale continued about eight days.    Prior to its commencement Willoughby informed Clark, the auctioneer, that he desired to select certain articles from the stock for himself his wife, and two ladies named Jochmus and Watson, with the understanding that he was to account for the goods selected at the same rates the like articles should realize at the public sale.    Being informed by Clark that he was content, Willoughby made his selections prior to and during several days of the sale.    The goods so selected were divided into three parcels; one lot was delivered to Mrs. Jochmus and one to Mrs. Watson, by Willoughby, and accounted for on the books of Clark and Company, and the proceeds paid to Brown.    The goods selected for himself and wife, Willoughby placed in a trunk in Clark & Co.'s store.    After the sale closed, Willoughby learned that Brown was dissatisfied with his conduct in the matter, and he 'thereupon requested Clark & Co. to sell the goods selected for himself and wife, at public sale, which was done, and the proceeds accounted for and paid to Brown.    •

In September, 1875, the grand jury of Arapahoe county re-

turned into the District Court a bill of indictment against Willoughby for the larceny, as bailee, of the goods sold and delivered by him to Mrs. Jochmus and Mrs. Watson. The indictment contained four counts. The first laid the ownership of the property in Brown; the second in one McFarland, who had claimed the Mines and Elliot stock as their assignee; the third in Mines and Elliot, and the fourth in Brown. Willoughby appeared and gave bail, and at the following January term, 1877, was put upon his trial and acquitted, upon the people's testimony, the jury not leaving the box.

Thereupon this cause was commenced, and resulted in a verdict and judgment in favor of Willoughby, in $6,000. To reverse that judgment Brown prosecuted this appeal.

The appellant assigned twenty-six errors, but as the cause was reversed upon a supposed erroneous instruction, it is deemed unnecessary to make a further statement, except to set out the instructions given, which were as follows:

1st. In order to warrant the jury in finding the defendant, Brown, guilty in this action, the plaintiff must prove by a preponderance of testimony—

1. That the defendant, Brown, instituted and prosecuted, or caused to be instituted and prosecuted, the criminal suit against the plaintiff, Willoughby, for the crime of larceny, upon the indictment read in evidence. That said criminal suit is at an end, and that the said Willoughby was acquitted.

2. That said criminal suit was instituted and prosecuted by said Brown, against said Willoughby, maliciously and without reasonable or probable cause.

3. That said Willoughby has sustained damage by reason of the institution and prosecution of said criminal suit.

2d. There is no dispute that said Willoughby was thus indicted and acquitted of the crime of larceny, so that all you have to consider is—

1. Did said Brown institute or cause said prosecution to be instituted against said Willoughby?

2. If Brown did institute or cause said prosecution to be instituted, did he do it maliciously?

3.   If Brown did institute or cause said prosecution to be instituted, did he do it without reasonable or probable cause?

3d.   Unless you believe from the evidence that Brown did institute or cause to be instituted the said criminal prosecution against Willoughby, then your verdict shall be for the defendant.

4th.   If you find from the evidence that Brown used threats, epithets or expressions of hatred or ill-will toward Willoughby during the two or three years prior to and up to a short time before the commencement of said criminal prosecution, these facts will be sufficient, unless explained, to support the charge of malice against the defendant, Brown; and malice may be also implied against him, if you find from the evidence that Brown instituted, or caused said prosecution to be instituted, without probable cause.

5th.   The want of probable cause is a material averment and must be proved by the evidence.   It is not to be inferred from the facts of the acquittal of the said Willoughby, nor is the want of probable cause to be inferred from any malice that may have been shown by the evidence to have existed on the part of Brown against Willoughby, however malicious Brown may have been toward Willoughby; still, if he had reasonable or probable cause for believing Willoughby to be guilty, he had the right to prosecute him.

Probable cause does not depend on the actual state of the cause, but upon the honest and reasonable belief of the party prosecuting.

6th.   The court further instructs the jury that if you should find from the evidence that there was a feeling existing in the mind of Brown against Willoughby that amounts to malice, still from that fact, if you so find, you will not presume that the defendant, Brown, acted without probable cause that Willoughby had been guilty of larceny as charged.

7th.   If you should find from the evidence that defendant did institute or advise the prosecution of the plaintiff, for the larceny of the goods described in the indictment, then to enti-

tle the plaintiff to a verdict, you must find also that he instituted or advised the prosecution maliciously.

8th. The fact that defendant employed an attorney to assist in the prosecution of plaintiff, if you find he did so, is no evidence of malice sufficient to support this action.

9th. The court further instructs the jury that by the expression " without reasonable or probable cause," is meant the want of the knowledge of the existence of such facts and circumstances on the part of the defendant as would lead a prudent and careful person to honestly believe that the plaintiff was guilty of the crime imputed to him in the said indictment; and if you believe from the evidence that the said plaintiff was acquitted by the jury that tried him under the said indictment; that the plaintiff· upon that trial offered no proof in his defense; that the plaintiff bore a good character prior to the making of that charge, and that his reputation in this respect was known. to the defendant; that the plaintiff took the goods mentioned in the indictment, openly avowing and declaring his intention so to do; that the plaintiff told the defendant before the finding of said indictment why and under what circumstances he had taken the said goods; that the plaintiff accounted for the said goods to the said defendant; that the plaintiff took the goods while he was sheriff and holding them under a writ of execution; and that the defendant knew all these facts, if they be facts, before the finding of the indictment—then the court instructs you that there was a want of reasonable or probable cause, and your verdict must be for the plaintiff, provided you further believe from the evidence, that Brown maliciously prosecuted Willoughby, or caused him to be prosecuted upon said indictment.

10th. If you believe from the evidence, that before the commencement of the prosecution against Willoughby, he, Willoughby, held the goods mentioned in the indictment as sheriff, under legal process in favor of defendant, Brown, against Mines & Elliot, and that Brown was informed before the commencement of the prosecution against Willoughby,

that Willoughby was converting said goods to his own use in a manner and under circumstances calculated to make a reasonable man believe that he, Willoughby, intended to steal the same, and that he, Brown, exercised reasonable precaution to discover the truth of such information, and that after doing so he believed such information to be true, and acted on such belief, and so prosecuted Willoughby, then Brown had probable cause to prosecute Willoughby, under the second and third counts of the indictment read in evidence, even if there was malice on the part of Brown, in such prosecution.

11th. The court further instructs the jury, that if the goods levied upon by Willoughby, as sheriff, by virtue of the execution in evidence, were the goods of Hobson and others, the defendants in said execution, then in that case, Willoughby, when he made said levy and took possession of said goods, became the bailee of said Hobson *et al.;* and if he converted any portion of said goods to his own use with intent to steal the same, he would be guilty of larceny. And if you believe from the evidence, that Brown believed said goods to be the goods of said Hobson *et al.* when the levy was made, and he was credibly informed that said Willoughby did convert a portion of said goods to his own use, without accounting for the same, and without their being sold at public sale, and that said Brown was so informed, and after prudent inquiry, believed that such conversion was done in such a manner as to cause a reasonable man to believe that he, Willoughby, intended to steal the same—then such facts, if proven, will amount to a probable cause for commencing prosecution of said Willoughby for larceny, under the third count of the indictment, and to warrant you in finding the defendant not guilty, so far as the prosecution under such count was concerned.

12th. The court further instructs the jury, that if they believe from the evidence, that the goods mentioned in the said indictment were levied upon by the plaintiff, Willoughby, under and by virtue of the writ of execution given in evidence in this case ; that the execution was issued upon the judg-

ment also given in evidence ; that the judgment was in favor of the said defendant, Henry C. Brown ; that the said execution was levied upon the said goods of Mines & Elliot ; that the said goods mentioned in the said indictment were a portion of the said Mines & Elliot goods, and that the said defendant, Henry C. Brown, knew these facts, then the court instructs you that there was no reasonable or probable cause for the first and fourth counts of the said indictment read in evidence ; and that if the jury further believe from the evidence, that the said defendant maliciously prosecuted the said plaintiff, upon the said indictment ; that the said plaintiff has been damaged by reason of such prosecution, and that such prosecution terminated in favor of the said plaintiff, then the verdict of the jury must be in favor of the said plaintiff.

13th. The court further instructs the jury, that if they believe from the evidence, that the said defendant was, on or about the fifth day of June, A. D. 1875, informed that the said plaintiff had stolen large quantities of goods mentioned; yet, if the jury further believe, that before the finding of the said indictment, on the 18th day of September, A. D. 1875, the said defendant learned that the information which he had theretofore received respecting the said stealing was false or unreliable, then the said defendant cannot rely upon such prior information, to show that he had reasonable or probable cause for prosecuting the said plaintiff.

14th. The court further instructs the jury, that they are the sole and exclusive judges of the credibility of the witnesses; and that if they believe from the evidence, that any of the witnesses in this case have willfully sworn falsely upon a material point, then the jury are at liberty to disbelieve any part or the whole of the testimony of such witness, unless his testimony is corroborated by other credible evidence.

15th. The court further instructs the jury, that if they find the defendant guilty, they may find and assess the damages of the said plaintiff, against the said defendant, in any sum that the jury may think just and right, according to the evidence, not exceeding the sum of twenty-five thousand dollars.

Brown v. Willoughby.

Mr. S. E. BROWNE, and Messrs. SYMES and DECKER, for appellant.

Messrs. FRANCE & ROGERS, for appellee.

THATCHER, C. J.　Judgment was entered on the twentieth day of October, A. D. 1877.

April sixteenth, A. D. 1878, the defendant filed his notice of appeal from the final judgment.

No appeal was taken from the order of the court denying the motion for a new trial.

In the latter case notice of appeal must be given within sixty days after the lower court made the order. Code, Sec. 338.

Sec. 346 of the Code provides, "Upon an appeal from a judgment the court may review any intermediate order involving the merits and necessarily affecting the judgment."

An "intermediate order," within the meaning of this section, is an order from which no appeal can be taken under the Code, and which, therefore, but for this provision, could not be reviewed : It applies exclusively to non-appealable orders.

As defendant failed to prosecute an appeal from the order denying the motion for a new trial, we are not at liberty to examine the evidence with the view to determine whether it is sufficient to support the judgment.　*Clark* v. *Gridley*, 49 California, 108; *Rycraft* v. *Rycraft*, 42 California, 444; *Reed* v. *Bernal*, 40 California, 628 (overruling Treadwell v. Davis, 34 California, 601); *Rush* v. *Casey*, 39 California, 339; *Hihn* v. *Peck*, 30 California, 286; *Ingraham* v. *Gildermester*, 2 California, 483; *Deputy* v. *Stapleford*, 19 California, 305.

Although we may not review the evidence, any error of law in admitting or excluding testimony may be reviewed on appeal from the judgment when the ruling is made a part of the record by a bill of exceptions, or by a statement on appeal. *Carpenter* v. *Williamson*, 25 California, 167.

The appellant assigns for error the giving of the following instruction: "The Court further instructs the jury that by

the expression ' without reasonable or probable cause,' is meant the want of the *knowledge of the existence of such facts and circumstances on the part of the defendant* as would lead a prudent and careful person to honestly believe that the plaintiff was guilty of the crime imputed to him in the said indictment," etc.

This instruction assumes that Willoughby had been charged by the indictment with the commission of one offense. Other instructions assume that each of the five counts charged a separate and distinct crime, and the jury is elsewhere told substantially that if Brown prosecuted or instigated the prosecution of either one of the five counts, maliciously and without probable cause as to such count, he is guilty of malicious prosecution.

Greenleaf on Evidence (Vol. 2, Sec. 449) says: "If groundless charges are maliciously and without probable cause, coupled with others which are well founded, they are not on that account the less injurious, and therefore constitute a valid cause of action."

The court should have been more specific on this point. It is not conceived that if the charges made are the same, all relating to the same transaction, the main difference being in the allegation of ownership of the property, a difference to be attributed to the caution of the pleader who prepared the indictment, that the rule laid down by Greenleaf would apply.

It is common practice among prosecuting attorneys, when there is any doubt as to where the ownership should be laid, to lay it in several persons, in order to prevent the failure of justice at the trial.

The principal objection urged to this instruction, however, is that it asserts the doctrine that unless the facts and circumstances upon which the belief of guilt is honestly entertained actually exist, and that the prosecutor have knowledge of their existence, there could have been no probable cause for the prosecution. The essential ground of this action, without which it can never be maintained, is *want of probable cause*.

However malicious may be the motive of the prosecutor, if there was probable cause for the prosecution, in the eye of the law, he is guiltless. It therefore becomes important to consider what is meant by "want of probable cause." If upon this point the charge was erroneous, the verdict ought not to stand. We think the instruction is entirely too broad.

Actual *knowledge* that the crime was committed is not necessary, nor is it essential that the prosecutor shall *know* the facts and circumstances upon which he predicates his belief. He may act upon credible information or deceptive appearance of guilt if he acts in good faith. "If the defendant could show that he had probable cause for his conduct—that is, that from such *information* as would induce a reasonable and prudent man to believe the plaintiff guilty of crime, he instituted the prosecution, he is not liable, whatever may have been his own personal malice for setting it on foot." *Barron* v. *Mason*, 31 Vermont 198.

"Probable cause in such a state of facts *in the mind of the prosecutor* as would lead a man of ordinary caution and prudence, to believe or entertain an honest and strong suspicion that the person arrested is guilty." *Bacon* v. *Towne et al.* 4 Cush. 239.

"It is not necessary that the crime of larceny should be fixed upon the plaintiff; if by his folly or his fraud he exposed himself to a well grounded suspicion that he was guilty of that offense, the prosecution had at least probable cause for its basis, and this is sufficient to defeat the present action." *Wilmarth* v. *Montford*, 4 Washington C. C. R. 84.

In *Harpham et al.* v. *Whitney*, 77 Ill. 39, this question was very fully considered. The jury in that case had been instructed " that a party charging another with the commission of a crime, must act upon facts or circumstances within his knowledge sufficient to induce the belief in the mind of a cautious man, of the guilt of the person charged with crime."

Commenting upon this instruction the court says, " A citizen·having reason to believe or entertain a strong suspicion

*upon information* or popular report that a crime has been committed, must be permitted to appear and direct the attention of the grand jury towards its investigation, without exposure to the peril—in case of failure of conviction, or it turning out that the information upon which he acted was not founded in fact—of being held liable for malicious prosecution, and of being mulcted in ruinous damages.  The criminal law does not enforce itself ; it requires the agency of some informant to put it in execution.  There would be little of efficiency of execution of much of our criminal law, as for instance, the laws for the suppression of gambling, the unlawful sale of intoxicating liquors, the keeping of houses of ill-fame, and the like, if those only might move with impunity in the matter of their enforcement, who had actual cognizance of the infraction of the law."

In this case, Brown in his defense does not pretend to have had actual cognizance of the facts and circumstances which led to the criminal prosecution.  He acted upon information alone.  If in any given case, where a party sued for malicious prosecution, defends by offering evidence to show that he had actual cognizance of the facts upon which he predicated the belief that a crime had been committed, the definition of " want of probable cause," contained in the instruction under consideration might be appropriately given, it is erroneous in a case like the present, where the defendant attempts to justify his action upon a different ground.  That elsewhere in the instructions the doctrine is recognized that " probable cause " does not depend upon the actual state of the case, but upon the state of the case as it lay in the mind of the prosecutor, does not enable us to say that the jury was not misled by the erroneous definition.

In this action, if the want of probable cause be shown, the proof of actual malice is also required to sustain it.  Here the law allows no presumption of malice, as it does in an action of slander.  Actual malice may be proved by the acts and declarations of the party; or it may be inferred by the jury from the

want of probable cause.   The charge must be shown to be willfully false.   *Levy* v. *Braunan*, 39 California, 489; *Humphries* v. *Parker*, 52 Me. 507.

Where the evidence shows that accused was wholly innocent of the charge, and that there was no probable cause for the accusation, an action for malicious prosecution cannot be maintained in the absence of malice, which may be traceable to a spirit of hatred, revenge or other sinister or improper motive, denoting bad faith on part of the prosecutor.   *Stone* v. *Crocker*, 24 Pick. 87; 3 *Phillips Ev.* 572.   Whatever tends to show evil intent *malus animus* on part of the prosecutor in instigating the indictment, is properly admissible in evidence. The intent with which the prosecution was instigated, is the controlling inquiry where there is want of probable cause.

Henry C. Clark testified at the trial of Willoughby under the indictment.   At the time of the trial in the action for malicious prosecution, Clark was beyond the jurisdiction of the court.   Mr. Dennison, the official stenographic reporter of the court, who had taken down the evidence at the trial in the criminal case, was put upon the stand in the civil cause, and allowed to testify as to the evidence given by Clark.   He read from his official notes.   It is objected that the court erred in allowing this to be done.   The objection was, "that the plaintiff might have taken the deposition of Clark or produced him."   The objection is not well taken.   For the purpose of showing want of probable cause, Dennison was as competent to testify as Clark, and indeed if Clark had been in the court room it is highly probable that his memory as to the evidence given at the trial would not have been so accurate as the official report of it.   *Goodrich* v. *Warner*, 21 Conn. 442; *Bacon* v. *Towne et al.* 4 Cush. 238; 1 Hilliard on Torts, p. 460.

The affidavit in attachment, the writ, judgment, indemnity bond, the special execution and the return thereof, in the suit of *Brown* v. *Mines & Elliott*, were properly admitted in evidence, as tending to prove want of probable cause.

For error in the instruction upon the question of want of

Brown v. Willoughby.

probable cause as applicable to this case, the judgment will be reversed and cause remanded.

*Reversed.*

A petition for a re-hearing was filed in this case, and a re-hearing granted, with directions to counsel to confine their discussion to the instruction upon the question of want of probable cause, and afterward the following opinion was delivered by:

ELBERT, J. The rule that one erroneous instruction may be taken as having been corrected by a subsequent instruction, is not unattended with hazard, and should be applied with caution.

In this case all of the testimony which went to the jury touching the question of probable cause, shows that Brown acted upon information, and not from personal knowledge. There was no claim that he acted from personal knowledge.

In view of this fact, it is scarcely possible that the jury could have understood the court by its instruction, to tell them that they were to disregard all evidence showing that Brown acted upon information and not upon personal knowledge. Such an intention on the part of the court would have demanded a much more explicit instruction.

For this reason I should feel clear in this case in applying the rule and in holding the erroneous instruction corrected by the subsequent one. Our judgment of reversal, however, was based in part on other errors which are stated by the Chief Justice in his opinion. These remain unaided. For this reason I concur that the judgment of the court below must be reversed.