[L. A. No. 1065.   Department One.—July 7, 1902.]

## R. A. MAYHALL, Appellant, v. H. EPPINGER, Jr., et al., Respondents.

TRUST DEED—SALE UNDER POWER—PENDENCY OF FORECLOSURE SUIT.—
The trustee named in a trust deed may sell the property at public
auction under the power given in the trust deed, notwithstanding the
pendency of an action to foreclose the deed of trust, and he need
not first dismiss the action.

ID.—BAR TO FURTHER PROCEEDINGS.—The sale under the power given
would be a bar to all further proceedings in the foreclosure suit.

ID.—PLEADING—AVERMENT OF NON-ACCEPTANCE OF TRUST—ESTOPPEL—
MODE OF ACCEPTANCE.—An averment in the verified complaint to
foreclose the trust deed, that the trustee had never accepted the
trust, was not necessary to the right of foreclosure, and cannot estop
the trustee from selling under the trust deed. His proceeding to
act as trustee is an acceptance of the trust.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County.   E. P. Unangst, Judge.

The facts are stated in the opinion.

S. M. Swinnerton, for Appellant.

G. & A. Webster, for Respondent.

CHIPMAN, C.—Defendants demurred to plaintiff's com-
plaint for want of facts sufficient to constitute a cause of
action.   The demurrer was overruled, and, plaintiff declining
to amend, defendants had judgment, from which plaintiff
appeals.

It is alleged in the complaint that plaintiff executed and
delivered to defendant H. Eppinger, Jr., his promissory note,
and at the same time executed to said defendant a trust deed
to certain land to secure the payment of said note; that after
the maturity of the note Eppinger commenced an action by
a verified complaint against this plaintiff and his wife, alleg-
ing therein that said deed was given as a mortgage; that in
the prayer Eppinger asked that the defendants therein be
foreclosed of their right of redemption in said premises; that
in an amended complaint in said action said Eppinger alleged

as follows: "That the said so-called trust deed is incompetent and defective in that the same designates no person as party of the third part herein, and by the terms of said instrument there is no person given power to request, ask for, or demand the sale of said premises to satisfy the claim of plaintiff; that the plaintiff did not accept the trust herein mentioned, but received the same only as security for the payment of the note aforesaid." The complaint in the present action proceeds: "That said Eppinger, trustee named in said trust deed, has wholly denied and repudiated the trust named in said trust deed; that the action so commenced by H. Eppinger, Jr., against this plaintiff and wife is still pending;" that since filing the complaint Eppinger has assigned the note to defendant Frost. It is alleged that Eppinger's suit to foreclose was commenced March 23, 1898, and that on August 20, 1898, "claiming to act under the authority of said trust deed, and claiming to be the owner in fee of the lands described in said trust deed, he advertised said lands for sale at public auction on the twenty-fourth day of October, 1898." It is alleged that Eppinger will sell said lands and execute a deed therefor unless restrained by the court, and that such deed will be a cloud on plaintiff's title. The prayer is for judgment that said Eppinger and Frost are not, nor is either of them, owners of said lands "in fee nor trust, nor as trustees, nor as beneficiaries"; that defendants be restrained from asserting any title as owners or trustees or beneficiaries; that Eppinger be restrained from selling said lands, and for general relief.

Appended to the complaint is a copy of the complaint referred to in the action brought by Eppinger to foreclose said deed of trust, including a copy of said deed of trust. The deed purports to be between plaintiff, Mayhall, widower, party of the first part, and defendant H. Eppinger, Jr., party of the second part, "and . . . part . . . of the third part." It recites that Mayhall has executed his note to Eppinger referred to in plaintiff's complaint, and that to secure the payment of the same the first party, Mayhall, has conveyed to second party, Eppinger, the premises, and authorizes said second party to convey the premises "upon the trusts and confidences hereinafter expressed": First, to pay all liens subsisting or that may hereafter subsist upon the premises; second, all sums that may be due Eppinger or the holder of

said note, and all sums paid to discharge any incumbrances on the land. Then follows a clause that, in the event of the sale of said premises and the execution of a deed therefor "under these trusts," the recitals of default and publication shall be conclusive proof of such default and of due publication of such notice, etc. The unusual feature of the deed of trust is in conveying the title to the creditor of the grantor, or payee of the note, and making him trustee and beneficiary. The deed of trust, however, does this plainly enough, and no other person is mentioned as grantee or trustee.

Appellant contends that Eppinger, having sworn to a complaint in which he "alleged that he never accepted the trust, cannot as a beneficiary claim any benefit thereunder." Perry on Trusts (2d ed., vol. 1, p. 327, sec. 259) and *Armstrong* v. *Morrill,* 14 Wall. 120, 138, are cited to the proposition that in an express trust no title vests in the trustee until the trust is accepted. Appellant invites attention to the fact that the trustee and beneficiary went before a court of equity by an action to foreclose the trust deed as a mortgage and disclaimed that he is a trustee, and, while that action is pending, attempted to sell the land under the provisions of the deed of trust. *Felton* v. *Le Breton,* 92 Cal. 457, is cited as decisive of the case. It was there decided that the grantee may treat the deed as a mortgage, and may go into a court of equity and have foreclosure and sale under its decree, and that is what was done in that case. The question here is not as to the right of the trustee to foreclose instead of selling under the power given in the deed, but whether, having brought his action by filing a complaint, he may cease to pursue that remedy further and, pending the action, proceed to sell as though no action were pending. *Felton* v. *Le Breton* does not help us to solve this question.

The sale under the power given would be a bar to all further proceedings in the foreclosure suit. There is nothing in plaintiff's complaint to show that he would be injured in any way by the sale. It does not appear that a summons was ever served in the action brought by Eppinger, or that he intends to prosecute that suit to judgment, or that plaintiff, Mayhall, desires him to do so. The allegation in the complaint to foreclose the deed of trust, quoted above, was not necessary to the right to foreclose the deed as a mortgage; there was no

necessity for repudiating the trust. We can discover no ground for the exercise of the equity powers of the court to restrain a sale authorized by plaintiff's own deed, unless it be the single fact that the action of Eppinger against plaintiff is pending, and this we do not think sufficient.

It is said by appellant that the allegations in Eppinger's complaint estop him from now asserting that he is a trustee under the deed. The answer is, that the elements of an estoppel are not set forth in plaintiff's complaint, and do not appear, so far as disclosed, by the complaint and its exhibits. It is quite probable that Eppinger discovered, after he had filed his complaint, that he had misconceived the meaning of the deed and his rights under it, and thereupon concluded to go no further with his action, but proceed rather to sell as trustee under his deed. This we think he could do without having first dismissed the action, and his proceeding to act as trustee is an acceptance of the trust. If he had carried his suit to judgment, plaintiff would have a much stronger case. But as the facts now appear we think the demurrer was rightly sustained.

The judgment should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      Harrison, J., Garoutte, J., Van Dyke, J.