[Civ. No. 414.   Second Appellate District.—January 10, 1908.]

## J. V. ROBERTS, Respondent, v. HENRY B. TRUE and MARY TRUE, His Wife, Appellants.

DEED OF TRUST TO SECURE NOTE—LEGAL TITLE—MARGINAL NOTE OF SATISFACTION—RECONVEYANCE REQUIRED.—A deed of trust to secure a promissory note passes the legal title to the trustee. Upon payment of the indebtedness, a marginal note of satisfaction upon the margin of the deed of trust has no legal significance. A formal reconveyance of the legal title is required in order to divest it.

ID.—RIGHT OF TRUSTEE TO SELL FOR UNPAID INDEBTEDNESS—STATUTE OF LIMITATIONS INAPPLICABLE.—If the indebtedness is unpaid, the trustee has the right to sell the property to pay the debt, leaving no right of redemption in the trustor, unless the debt is paid before sale. The statute of limitations is inapplicable to bar the right of sale to pay the debt.

ID.—EFFECT OF HOMESTEAD.—A homestead taken for the benefit of the trustor and his wife is subject to the deed of trust and those holding thereunder.

ID.—TITLE VESTED IN PAYEE.—The fact that the title to the property is vested in the payee as well as the power to sell does not affect his right to sell the property under the terms of the deed of trust.

ID.—ACTION TO ENFORCE ORAL AGREEMENT.—So long as the legal title remains in the trustee, he cannot enforce an oral agreement, after surrender of the note, and marginal entry of satisfaction on the deed of trust, by which the trustor was to reconvey the title to him, and he was to grant a three years' lease to the debtor, which he executed.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. M. L. Short, Judge presiding.

The facts are stated in the opinion of the court.

Laird & Packard, and H. L. Packard, for Appellants.

Fay & Claflin, and C. L. Claflin, for Respondent.

SHAW, J.—This is an action for the specific performance of a parol agreement to convey real estate. Judgment was rendered for plaintiff, from which, and an order denying their motion for a new trial, defendants appeal.

Defendants are husband and wife. For the purpose of securing the payment of a certain promissory note Henry B. True executed and delivered to plaintiff Roberts what purports on its face to be a deed of trust in the usual form (except that Roberts, the payee of the note, is made trustee therein with power of sale in case of default in the payment of the said note, but which instrument defendant Henry B. True alleges to have been intended and understood to be a mortgage), whereby he conveyed to Roberts the legal title to the real estate in question. The note was not paid and Roberts and Henry B. True made an oral agreement whereby plaintiff agreed to surrender the note and discharge such deed of trust, in consideration of which defendant Henry B. True was to convey the property to plaintiff and plaintiff was to lease the same to him for a term of three years. Pursuant to this agreement plaintiff delivered the note to defendant Mary True, and on January 18, 1898, made the following indorsement upon the margin of the record of the deed of trust: "Full payment and satisfaction of the within trust deed hereby acknowledged, J. V. Roberts. Signed and acknowledged before me this 18th day of Jan., 1898. F. S. Benson, County Recorder, by J. W. Crosland, Deputy Recorder." And on or about January 20, 1898, plaintiff executed to True a lease of the said premises for a term of three years. On May 18, 1898, defendant Henry B. True filed a declaration of homestead upon the property, and thereafter refused to execute a deed to the land in accordance with his agreement with plaintiff; hence this suit.

The principal contention of appellants is that, as Mary True was not a party to the agreement, its terms cannot be enforced as against her rights which accrued by virtue of the filing of the declaration of homestead by her husband. It is unnecessary to enter upon a discussion of this point, as it is clear that plaintiff was not entitled to judgment for another reason.

The instrument is a deed of trust in the usual form whereby the legal title to the property was vested in Roberts (*Kraft Co.* v. *Bryan,* 140 Cal. 73-80, [73 Pac. 745]); and unless the indorsement upon the margin of the record of the deed of trust constitutes a reconveyance, it follows that the legal title remains in Roberts. By express statutory provision the lien of a recorded mortgage may be satisfied by an

indorsement upon the margin of the record, as made here
(Civ. Code, sec. 2938), but such an indorsement is lacking
in all the essential elements requisite to a transfer of title.
This indorsement does not purport to be a conveyance of the
land; none of the formalities requisite to a legal transfer of
title were observed in making it.  Such reconveyance of the
property provided to be made in the deed of trust upon pay-
ment of the indebtedness as security for which it was given
can only be made by an instrument in writing couched in
suitable and apt words of transfer, duly executed and de-
livered.  None of these formalities were observed.  There
was no reconveyance, and the legal title to the property is
still vested in Roberts, whose duty it is, under the terms of
the deed, to reconvey the property if the indebtedness has
been paid (Civ. Code, sec. 871), and whose right it is there-
under to execute the trust by selling the property if the
indebtedness be unpaid.  (*Koch* v. *Briggs,* 14 Cal. 256, [73
Am. Dec. 651]; *Bateman* v. *Burr,* 57 Cal. 480.)  The in-
dorsement upon the margin of the record was a futile act,
unavailing for the purpose of discharging the deed of trust.

The rights of Mary True, accruing to her by virtue of the
declaration of homestead, are subject to the deed of trust
and those holding thereunder.  (Civ. Code, sec. 865; *King*
v. *Gotz,* 70 Cal. 236, [11 Pac. 656]; *Sacramento Bank* v. *Al-
corn,* 121 Cal. 379, [53 Pac. 813].)  There is no redemption
from a sale thereunder.  (*Koch* v. *Briggs,* 14 Cal. 257, [73
Am. Dec. 651].)  The expiration of the statutory time
which bars an action to foreclose a mortgage or recover a
debt does not apply to the execution of the power of sale
for nonpayment of a debt secured by a deed of trust.
(*Grant* v. *Burr,* 54 Cal. 298.)  The fact that the title to the
property, as well as the power to sell, is vested in Roberts,
who was payee of the note secured by the deed of trust,
does not affect his right to a sale of the property.  (*Mayhall*
v. *Eppinger,* 137 Cal. 7, [69 Pac. 489].)

Judgment and order are reversed.

Allen, P. J., and Taggart J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied by
the supreme court on March 10, 1908.