[Civ. No. 1262. First Appellate District.—June 21, 1913.]

## C. E. KINARD et al., Appellants, v. JOSEPH R. KAELIN, Respondent.

APPEAL—INSUFFICIENCY OF EVIDENCE—SPECIFICATION OF PARTICULARS.—
On an appeal from a judgment, taken upon the judgment-roll accompanied by a bill of exceptions which contains no specifications nor attempted specifications of the particulars in which the evidence is insufficient to support the findings, it must be assumed that there was ample evidence to support them.

ID.—SECOND DEFAULT—ORDER DENYING AND DIRECTING THE FIRST ANSWER TO STAND.—It is not an abuse of discretion to deny a motion to enter a second default, taken upon failure to answer after the setting aside of the first default, and to direct that the answer, filed with the motion to vacate the first default, stand as defendant's answer.

ID.—BILL OF EXCEPTIONS—ORDER AND PROCEEDINGS NOT PRESERVED.—
But if it were otherwise, the error is not available to the plaintiffs on appeal, if the order complained of and the proceedings leading up to it were not preserved and presented in a bill of exceptions prepared and authenticated within the time and in the manner prescribed by sections 649 and 650 of the Code of Civil Procedure.

ID.—ORDER NOT IN JUDGMENT-ROLL—REVIEW ON APPEAL.—Where an order of the trial court striking out parts of the plaintiff's amended answer to the defendant's cross-complaint is not included in the judgment-roll as required by section 670 of the Code of Civil Procedure, such order must be sustained if it can be supported upon any just ground appearing in the record.

ID.—ORDER STRIKING OUT PART OF ANSWER—HARMLESS ERROR.—Error in striking out an allegation of payment in an answer is harmless, if both parties and the court thereafter proceed upon the theory that the alleged payment is a material issue.

ID.—EJECTMENT—IMPROVEMENTS AS SET-OFF.—In actions for the recovery of real property the value of permanent improvements, made by a person holding in good faith and under a color of title adversely to the plaintiff, may be allowed only as a set-off to such damages as may be claimed for the withholding of the property sued for.

ID.—PLEADING—GENERAL DENIAL OF ALLEGATIONS IN PARAGRAPH OF VERIFIED CROSS-COMPLAINT.—It is proper to strike out an allegation in an answer to a verified cross-complaint which allegation consists of a mere general denial of each and every allegation of a specified paragraph in the cross-complaint.

BUILDING AND LOAN AGREEMENT—REPAYMENT ON COMPLETION OF BUILDING.—Where a building and loan agreement provides for repayment of the borrowed money when the house is completed, the law implies that the house is to be completed in a reasonable time, measured by the circumstances, and what is a reasonable time is a question for the trial court.

TRUSTEE'S SALE—ACTION TO VACATE—NONSUIT.—In an action to set aside a sale of real property under a trust-deed, the introduction in evidence of the deed of trust and the trustees' deed to the defendant *prima facie* establishes title and right of possession in the cross-complainant, and therefore a motion for a nonsuit is properly denied.

ID.—TRUST-DEED—CAPACITY OF INTERESTED TRUSTEE.—The fact that the trustee designated in a deed of trust may have an interest in the sale of the property secured thereby does not incapacitate him from acting, nor, in the absence of a showing of fraud, irregularity, or misconduct on his part, invalidate a sale made under the terms of the deed of trust.

ID.—CREDITOR AS TRUSTEE AND PURCHASER AT SALE.—The creditor himself may rightfully act as such trustee, and may properly purchase at his own sale.

ID.—TRUST-DEED—SALE UNDER POWER.—A deed of trust with the usual power of sale is legal, and the power can be exercised without proceedings to foreclose as in case of an out and out mortgage.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

C. E. Kinard, Harriet E. Kinard, in *pro. per.,* for Appellants.

Walter E. Rode, for Respondent.

LENNON, P. J.—In this action the plaintiffs sought to set aside a sale of certain real property alleged to have been made by John C. Scott and Agnes Kaelin, trustees designated in a deed of trust, conveying the property in question, and executed by plaintiffs for the benefit of the defendant Joseph R. Kaelin, and as security for the payment of a promissory note executed to him by the plaintiffs in the sum of seven thousand dollars.

Plaintiffs' complaint alleged that contemporaneously with the execution of the promissory note and deed of trust the plaintiffs and the defendant, Joseph R. Kaelin, entered into a building and loan agreement which, after reciting the execution of the promissory note and deed of trust, and declaring that the loan had been negotiated for the purpose of completing the payments and extinguishing certain liens due and existing upon a dwelling-house then in course of construction by plaintiffs upon the lot of land covered by the deed of trust, provided that of the seven thousand dollars borrowed from the defendant, Joseph R. Kaelin, the sum of $4,516, which was sufficient to discharge the existing liens, should be forthwith furnished to the plaintiffs, and that the balance of the loan was to be paid to the plaintiffs in three separate payments in the amounts and upon the conditions as follows: 1. Eight hundred and twenty dollars when the building was plastered; 2. Eight hundred and twenty dollars when the building was completed and ready for occupancy; and, 3. The remainder upon the expiration of thirty-five days from the recordation of notice of completion of the building. It was further alleged in the plaintiff's complaint that the agreement just referred to was intended by the parties thereto to be and did in fact become a part of the promissory note secured by the deed of trust; that notwithstanding the fact that a balance of two thousand five hundred dollars called for by the terms of the loan as expressed in the note and the contemporaneous agreement of the parties had not been paid, the defendant, Joseph R. Kaelin, gave instructions to the trustees named in the deed of trust to sell the property covered thereby; that thereafter the plaintiffs notified the said trustees that the consideration for the promissory note had not been fully satisfied, and that the plaintiffs had not in any manner violated the terms of the contract or defaulted in the payments due to defendant thereunder; that in response to the demand of the defendant, Joseph R. Kaelin, said trustees, with knowledge of all of these alleged facts, and over the protest of plaintiffs, delegated the powers conferred upon them by the deed of trust to one John A. Munroe, an unlicensed auctioneer, who proceeded to and did sell the property covered by the deed of trust at public auction to the defendant, Joseph R. Kaelin, for the sum of four thousand

22 Cal. App.—25

dollars; that subsequently the said trustees as such executed their deed to said defendant conveying the property covered by the deed of trust.

In addition to the foregoing the plaintiffs' complaint alleged that by reason of the sale in controversy, and because of the failure of the defendant, Joseph R. Kaelin, to pay to the plaintiffs the full amount of the loan contracted for at the times and upon the conditions stated, the plaintiffs suffered damage in the sum of fifteen thousand dollars. The trustees designated in the deed of trust were made defendants in the action, and they appeared therein by demurring to the plaintiffs' complaint upon various grounds. Their respective demurrers were sustained, and subsequently the action as to them was duly dismissed at the request of the plaintiffs. J. A. Munroe, the auctioneer who made the sale under the deed of trust, was also joined as a defendant, but the action as to him was likewise dismissed at the request of the plaintiffs.

The defendant, Joseph R. Kaelin, by his answer in effect denied all of the material allegations of the plaintiffs' complaint, and in addition interposed a cross-complaint, wherein he alleged in substance that he was the owner of and entitled to the possession of the real property described in the plaintiffs' complaint, and prayed for judgment against them awarding him such possession.

The case then went to trial without a jury, and upon the issues raised by the original complaint and answer thereto the plaintiffs were nonsuited.

Thereafter the trial proceeded upon the issues raised by the defendant's cross-complaint and the plaintiff's answer thereto. Upon the issues thus framed the trial court found for the defendant, and accordingly rendered and entered judgment in his favor, decreeing him to be the owner in fee simple and entitled to the possession of the said real property.

The case comes here upon an appeal only from the judgment rendered upon the issues raised by the defendant's cross-complaint and the plaintiffs' answer thereto.

The appeal was taken upon the judgment-roll accompanied by a bill of exceptions, which not only does not state that it contains all of the evidence adduced upon the trial, but expressly limits its statement of the evidence to that offered

and received upon the trial of the issues raised by the plaintiffs' answer to the defendant's cross-complaint.

Plaintiffs make many points in support of the appeal, but rely principally upon the contention that the evidence is insufficient to support the findings and judgment. The bill of exceptions, however, fails utterly to specify the particulars in which the evidence is claimed to be insufficient. Section 950 of the Code of Civil Procedure provides that on an appeal from a judgment the appellant must furnish this court with a bill of exceptions or a statement of the case on which the appellant relies. While it is true that under this section a duly authenticated bill of exceptions may be resorted to upon an appeal from the judgment which involves errors of law or the alleged insufficiency of the evidence to support the findings, nevertheless it is equally true that the bill of exceptions accompanying the judgment appealed from must have been prepared and perfected in accordance with the provisions of section 648 of the Code of Civil Procedure, which requires that ''When the exception is to the verdict or decision, upon the ground of .the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient.''

In the present case the bill of exceptions contains no specifications or attempted specifications of the particulars in which the evidence is insufficient to support any one or all of the findings of fact made by the lower court. Therefore this court will and must assume that there was ample evidence offered and received upon the trial in support of the findings and judgment. (*Winterburn* v. *Chambers,* 91 Cal. 170, [27 Pac. 658]; *Matter of Baker,* 153 Cal. 537, [96 Pac. 12]; 2 Hayne on New Trial, sec. 259.) This being so, it follows that the bill of exceptions accompanying the judgment-roll in the present case may be resorted to only in so far as it presents questions affecting the judgment which may be reviewed upon an appeal from the judgment alone. (*Carpentier* v. *Williamson,* 25 Cal. 154; *Brown* v. *Willoughby,* 5 Colo. 1; *Cooper* v. *Pacific etc.,* 7 Nev. 116, [8 Am. Rep. 705]; *Jones* v. *Faris,* 5 S. D. 348, [58 N. W. 813]; *Carver* v. *San Joaquin Cigar Co.,* 16 Cal. App. 761, [118 Pac. 92]; 2 Hayne on New Trial, sec. 262.)

The minute record of the lower court shows that a default was entered against the defendant, Joseph R. Kaelin, and that thereafter said defendant gave notice of a motion to set aside the default. Contemporaneously with the filing of such motion, and as a part thereof, the defendant filed his verified answer to the plaintiff's complaint. The minutes of the court show further that the motion to set aside the default was granted with leave to the defendant to answer. No time, however, was specified in the order setting aside the default within which the defendant was required to answer. Plaintiffs, sixteen days thereafter—the defendant having in the mean time been duly notified of the setting aside of the default—moved the lower court to enter a second default. This motion was denied, and thereupon the lower court made a further order directing that the defendant's answer as filed with the motion to set aside the first default be considered and stand as the answer of the defendant.

We see no abuse of discretion in the order complained of. (*Merchants Company* v. *Los Angeles Co.*, 128 Cal. 619, [61 Pac. 277].) But however that may be, the point is not available to the plaintiffs in this court because the order complained of and the proceedings leading up to it were not preserved and presented in a bill of exceptions prepared and authenticated within the time and in the manner prescribed by sections 649 and 650 of the Code of Civil Procedure.

Complaint is made of an order of the lower court striking out parts of the plaintiffs' amended answer to the defendant's cross-complaint. This particular order is not included in the judgment-roll as required by section 670 of the Code of Civil Procedure; and the grounds for granting the same save in one instance are not set forth in the bill of exceptions. Therefore, with the exception of the instance noted we are in ignorance of the lower court's reasons for granting the order complained of, and consequently such order, in so far as it is silent as to the grounds for its making, must be sustained if it can be supported upon any just ground appearing in the record before us.

The plaintiffs' answer to the defendant's cross-complaint was practically a restatement of the facts relied upon and pleaded in the plaintiffs' complaint in the first instance as a cause of action for damages against the defendant, Joseph R.

Kaelin; and among other things alleged in substance that at the time of the execution of the deed of trust and the promissory note secured thereby the plaintiffs paid to said defendant the sum of two hundred and fifty dollars for the purpose of settling certain claims against the plaintiffs, which the defendant appropriated to his own use.

Assuming that the plaintiffs should have been given credit for this payment before a sale of the property in question could have been rightfully made under the deed of trust; and assuming further that the failure to give such credit might, in response to the allegations of the cross-complaint, have properly been made an issue, still the error, if any, in striking out that part of plaintiffs' answer pleading such payment was cured upon the trial of the case by the lower court permitting evidence to be introduced in support of the allegation of such payment, and subsequently in effect finding that no such payment had been made. In other words, the record shows that, notwithstanding the order to strike out, the parties to the action knowingly proceeded upon the theory that the alleged payment was a material issue, and that the trial court, as indicated by its rulings and in its findings, considered and disposed of such alleged payment as if it had been put in issue by the pleadings. Consequently if the lower court erred in making the order complained of it was error which did not prejudice the plaintiffs. (Code Civ. Proc., sec. 475; *People* v. *Hagar,* 52 Cal. 171, 183; *Horton* v. *Dominguez,* 68 Cal. 642, [10 Pac. 186]; *Schroeder* v. *Mauzy,* 16 Cal. App. 443, [118 Pac. 459]; 2 Hayne on New Trial and Appeal, sec. 286.)

The cross-complaint proceeded upon the theory of an action in ejectment, and the plaintiffs' answer thereto in part pleaded that while the plaintiffs were in possession of the property they erected permanent improvements thereon exceeding in value the sum of nine thousand dollars, for which plaintiffs should be reimbursed by any judgment which might be rendered in the action. This allegation was ordered stricken out. Although not stated, the reason for the order is obvious. It is the rule in actions for the recovery of real property that the value of permanent improvements made by a person holding in good faith and under a color of title adversely to the plaintiff may be allowed only as a set-off to such damages as may be claimed for the withholding of the property sued for.

(Code Civ. Proc., sec. 741; *Huse* v. *Den,* 85 Cal. 390, [20 Am. St. Rep. 232, 24 Pac. 790] ; 4 Sutherland's Code Pleading, sec. 6406.)    In the present case the cross-complaint did not plead nor pray for damages of any kind for the withholding of the property or otherwise; and therefore the order complained of was fully justified by the rule above stated.

What we have just said applies equally to and likewise disposes of the lower court's order striking out other allegations of the plaintiffs' answer relating to damages claimed to have been sustained by them because, in effect, of a loss of the improvements alleged to have been erected upon the property.

The lower court, finally, struck out an allegation of the plaintiffs' answer, which consisted of a mere general denial of each and every allegation contained in a specified paragraph of the cross-complaint, upon the ground, as stated in the order striking out, that such allegation was "a general denial to a verified cross-complaint." There was no error in this. The defendant's cross-complaint was verified, and therefore the order complained of was rightfully made upon the ground stated therein.    (*People* v. *Hagar,* 52 Cal. 172.)

Upon the conclusion of the cross-complainant's case in chief the plaintiffs interposed a motion for a nonsuit grounded, in effect, upon the alleged insufficiency of the evidence to show title and right of possession in the cross-complainant. The motion was denied, and this ruling is now assigned as error.

Assuming that this point may be considered in the absence of specifications in the bill of exceptions pointing out the particulars wherein the evidence is claimed to be insufficient, it will suffice to say that the introduction in evidence of the deed of trust and the trustees' deed to the defendant *prima facie* established title and right of possession in the cross-complainant, and therefore a motion for a nonsuit was properly denied. (*Saving & Loan Society* v. *Deering,* 66 Cal. 281, [5 Pac. 353] ; *Mersfelder* v. *Spring,* 139 Cal. 593, [73 Pac. 452].)

Apparently it is one of the plaintiffs' contentions that the cross-complaint does not state a cause of action because, as is claimed, it appears affirmatively from the exhibits attached thereto and made a part thereof, that the plaintiffs were never in default in the terms and conditions prescribed by the promissory note, the deed of trust, and the building and loan agreement.    This contention is founded upon the claim that the

building and loan agreement, which was executed contemporaneously with the note and deed of trust, constituted the terms of the contract of the parties to the transaction; and from this it is argued that inasmuch as that agreement did not limit the time within which the building mentioned therein was to be completed the maturity of the note was by implication indefinitely extended until such time as plaintiffs might choose to complete the building. Obviously this contention is without merit. In the absence of an express covenant to the contrary the law would imply that plaintiffs had a reasonable time measured by the circumstances surrounding the transaction within which to comply with the conditions of the contract. What would be a reasonable time under the circumstances of the present case was for the lower court to determine from all of the evidence before it; and if it was plaintiffs' purpose in the discussion of this point to assail the sufficiency of the evidence to support the findings made thereon, it will suffice to say that for the reasons heretofore given the evidence is not before us, and therefore we are concluded by the findings of the lower court made upon that phase of the case.

Plaintiffs in effect make the point that the deed of trust was void at its inception because one of the trustees named therein, Agnes Kaelin, was the wife of the defendant, Joseph R. Kaelin. It is further claimed that in any event Agnes Kaelin, as such trustee, could not lawfully execute a conveyance of the trust property to her husband without violating an established principle of equity, because, upon the execution of the conveyance the property conveyed would become community property, and therefore she would be conveying one-half of the trust property to herself.

Neither of these contentions is tenable. The fact that the trustee designated in a deed of trust may have an interest in the sale of the property secured thereby does not incapacitate such trustee from acting; nor, in the absence of a showing of fraud, irregularity, or misconduct on the part of such trustee, invalidate a sale made under the terms of the deed of trust. In fact the creditor himself may rightfully act as such trustee, and may properly purchase at his own sale. (*Copsey* v. *Sacramento Bank*, 133 Cal. 659, [85 Am. St. Rep. 238, 66 Pac. 7, 204]; *Herbert Kraft Company* v. *Bryan*, 140 Cal. 73, [73 Pac. 745]; *Roberts* v. *True*, 7 Cal. App. 379, [94 Pac. 392].)

Finally an attack is made upon the legality of deeds of trust. In this behalf it is urged that the power of sale usually granted in such instruments, and appearing in the deed of trust in controversy here, is voidable and legally nonavailable unless preceded by proceedings to foreclose as in the case of an out and out mortgage. In short, it is the plaintiffs' contention that the deed of trust in question must as a matter of law be construed and considered as a mortgage with all of the rights, incidents, and obligations thereof. Practically this same point was presented fourteen years ago in the case of *Sacramento Bank* v. *Alcorn,* 121 Cal. 379, [53 Pac. 813], and there finally and definitely decided adversely to the contention made by the plaintiffs here. The decision in that case has never been overruled, modified, or criticised. On the contrary it has since been continuously adhered to, and it stands to-day as the settled law of this jurisdiction.

Counsel for the appellants in the earlier part of their brief discuss the sufficiency of the evidence adduced upon the trial of the issues raised by the original complaint and the answer thereto. It is insisted that the court erred in granting the defendant's motion for a nonsuit. It will be observed, however, that the order granting the nonsuit is not in the record before us; and moreover the bill of exceptions does not purport to set forth any of the evidence offered in support of the plaintiffs' original complaint. Obviously, therefore, the correctness of such order cannot be considered upon this appeal.

This disposes of all the points made by the appellants which, upon the record before us, we are permitted to consider.

The judgment is affirmed.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1913.