TALBOTT v. HILL et al.

(Court of Appeals of District of Columbia. Submitted October 9, 1919. Decided November 3, 1919.)

No. 3243.

1. MORTGAGES ☞345—SALE UNDER POWER; LIMITATIONS.
   Code of Law, § 1265, providing that no action shall be brought for recovery of lands after 15 years from accrual of right to maintain it, does not apply to exercise of power of sale conferred on trustee by deed of trust.

2. LIMITATION OF ACTIONS ☞165—STATUTE BARS REMEDY, BUT NOT DEBT.
   A statute of limitations is a bar to the remedy, and does not extinguish or impair the obligation of the debtor.

3. EQUITY ☞66—SEEKING EQUITY WITHOUT DOING EQUITY.
   Even if the statute of limitations applied to and barred exercise of power of sale under deed of trust, yet, the debt not being extinguished by the statute, the landowner's suit to have the land freed from the lien, without paying or offering to pay the debt, would be open to the objection that he who seeks equity must do equity.

4. LIMITATION OF ACTIONS ☞165—BAR NOT AVAILABLE AS CAUSE OF ACTION.
   The statute of limitations is available only as a defense, and never as a cause of action; and so a suit to cancel lien of deed of trust cannot be based on the ground that exercise of the power of sale under the trust deed was barred by statute.

Appeal from the Supreme Court of the District of Columbia.

Suit by Henry Maurice Talbott against William C. Hill, surviving trustee, and another. Bill dismissed, and plaintiff appeals. Affirmed.

E. L. Wilson, of Washington, D. C., for appellant.

W. C. Clephane, J. W. Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellees.

SMYTH, Chief Justice. From a decree dismissing his bill in equity on the motion of the defendants, Hill and Claytor, Talbott appeals. According to the allegations of the bill, Talbott is the owner of two parcels of land in the District of Columbia. In 1896 one Bradley, who then owned the property, conveyed it to Hill and Deeble by deed of trust, which was duly recorded, to secure the payment of $8,000, represented by two notes, each payable in four years after date, with interest. The deed gave the usual power of sale in case of default. Deeble is dead, and Hill is the surviving trustee. By reason of the lapse of more than 15 years since the date of the deed, it is asserted that the right to enforce the same by sale of the property is barred by the statute of limitations, and that the deed constitutes a cloud upon the owner's title which he seeks to have removed by this proceeding. Recently the representative of the holder of the notes, Helen A. Claytor, announced her purpose to order the surviving trustee to sell the real estate under the provisions of the deed for the purpose of paying the notes. The sale, it is said, would inflict serious loss, not only upon the holder of the notes, but upon Talbott, who would thereby be subject to expense; that in any event the validity of the deed of trust is so

greatly in doubt that no effective sale could be made otherwise than under a decree of court; and that because of the inclusion of a third parcel of land in the trust a situation has arisen requiring the marshaling of securities. Plaintiff prays, in the alternative, that the deed may be declared inoperative because of the running of the statute, and that Hill be enjoined from attempting to sell, and Claytor from ordering a sale, under the trust deed, or that the court, if it deems that the equities of the case require it, shall foreclose the trust deed and direct that the property be sold by a trustee appointed by the court. There is also a prayer for general relief.

The court entered a decree dismissing the bill unless the plaintiff obtained leave within a time limited to file an amended and supplemental bill. This he did not do, and the decree of dismissal was made final. After it had been entered, plaintiff filed a "proposed amended and supplemental bill," accompanied by a petition for rehearing. The petition was denied, and leave to file the bill refused. The supplemental bill contained no new statement of material facts, except that the interest on the notes secured by the deed of trust was paid by the plaintiff up to July 2, 1918, about a month before the bill was filed, which was on August 5th of that year.

[1] There are 13 assignments of error, but appellant concedes that the controlling question is as to "whether the deed of trust mentioned in these proceedings is barred by lapse of time." In his brief he admits that the payment of the interest upon the notes kept them alive as simple debts, but denies that this had the effect of tolling the statute of limitations with respect to the trust deed. He contends that the trust is barred, and hence that his title is sound. In other words, he bottoms his right to have the deed declared invalid and unenforceable upon the statute of limitations. But has that statute any application to this case? It says that "no action shall be brought for the recovery of lands * * * after fifteen years from the time the right to maintain such action shall have accrued. * * *" Code of Law, § 1265. The action there referred to "is the form of a suit given by law for the recovery of that which is one's due." Coke on Littleton, 285, 285a. It "does not apply to a power of sale contained in a mortgage or deed of trust, when the deed is foreclosed, not in an action brought for that purpose, but simply by the mortgagee or trustee executing the power of sale." Cone v. Hyatt, 132 N. C. 810, 812, 44 S. E. 678. See, also, Menzel v. Hinton, 132 N. C. 660, 44 S. E. 385, 95 Am. St. Rep. 647; Stevens v. Osgood, 18 S. D. 247, 249, 100 N. W. 161; Kammann v. Barton, 26 S. D. 371, 373, 128 N. W. 329; Williams v. Armistead, 41 Tex. Civ. App. 35, 90 S. W. 925; Roberts v. True, 7 Cal. App. 379, 381, 94 Pac. 392; Rowe v. Mulvane, 25 Colo. App. 502, 139 Pac. 1041.

Hill and Claytor have brought no action. Therefore there is no action for the statute to operate against. They are simply seeking to exercise the power conferred upon the trustee, Hill, by the deed of trust. We do not think the statute of limitations controls them in any respect. To say that it did would be to read into it something which the Legislature did not place there.

[2, 3] Moreover, the statute of limitations, as construed by this

court (Hall v. District of Columbia, 47 App. D. C. 552), "is a statute of repose, and not one of payment or cancellation. It is a bar to the remedy only, and does not extinguish or even impair the obligation of the debtor." Consequently, if the statute of limitations did prohibit the appellees from acting, it would still leave the debt unsatisfied. The question would then arise as to whether or not Talbott could invoke the aid of equity for the purpose of discharging the security of his creditor while the debt remains unpaid. It is a maxim of equity that he who seeks equity must do equity. Knox v. Gaddis, 1 App. D. C. 341; Buchanan v. Macfarland, 31 App. D. C. 6, 21; Thomas v. Brownsville, etc., R. R. Co., 109 U. S. 522, 526, 3 Sup. Ct. 315, 27 L. Ed. 1018; Neblett v. Macfarland, 92 U. S. 101, 103, 23 L. Ed. 471. In the Thomas Case the company gave a mortgage to secure the payment of bonds which it had issued to certain persons who had contracted to build its road. The bonds not having been paid when they became due foreclosure was commenced. A defense was made on the ground that the contract on account of which the bonds were issued was fraudulent and void, foreclosure was resisted, and the court was asked to set aside the mortgage. It appeared that those claiming under the mortgage had done a certain amount of construction work for the company. The court, applying the principle that he who seeks the aid of equity must do equity, held that the company was bound to pay the value of the work done before it could have the relief prayed. To the same effect are Driver, Adm'r, v. Hudspeth, 16 Ala. 348; Merriam v. Goodlett et al., 36 Neb. 384, 54 N. W. 686; Booth et al. v. Hoskins, 75 Cal. 271, 17 Pac. 225; Gage v. Riverside Trust Co. (C. C.) 86 Fed. 984. Talbott, in praying the court to free his property from the lien, without first paying or offering to pay the debt justly due, is certainly not doing equity, but rather seeking its aid in the perpetration of a wrong. Manifestly his request must be denied.

[4] Another objection to the position taken by appellant is that the statute of limitations "is available only as a defense, and can never be asserted as a cause of action on behalf of the debtor, or for conferring upon him a right of action." Hall v. District of Columbia, supra. It may be used as a shield, but not as a sword. Cassell v. Lowry, 164 Ind. 1, 72 N. E. 640, is quite apposite. Lowry brought action to quiet his title to two lots, alleging that he was the owner of them in fee, and that the defendant claimed an adverse interest therein, which claim, he said, was unfounded and a cloud on his title. Cassell answered that he had conveyed the property to Lowry, who had paid all the purchase money except $100, for which he gave his note, and that he (Cassell) reserved his vendor's lien against the property, but took no other security. This lien constituted the adverse interest which the plaintiff said was a cloud on his title and which he sought to have removed. The note was not paid when it became due. No action was brought on it before the statute of limitations had run against the lien, and plaintiff insisted that under those circumstances he was entitled to have the lien removed. The court held that, since he based his right to recover upon the proposition that the statute of limitations robbed the lien of its effectiveness, he could not succeed, as the statute never confers a right of action up-

on any one. Talbott's whole claim is based on the assumption that the statute of limitations prevents enforcement of the trust deed; hence he rests his right to recover on the statute, but this, as we have just seen, he may not do.

The deed of trust covers three lots. Only two are affected by the suit. Talbott claims that there ought to be a marshaling of assets, for the purpose of determining what proportion of the debt the two lots should bear. He says that one note is secured on each lot, "but inartificially." Whether done inartificially or otherwise, matters not so long as it is done. Each lot must respond for the note fastened on it, and for no more. There is no merit in this contention.

We have carefully considered the many decisions cited by appellant in support of the different points relied upon by him, but find none that militates in any wise against the views we have here expressed.

The decision of the lower court is right, and is affirmed, with costs. Affirmed.