[Civ. No. 10760.   Second Appellate District, Division Two.—January 10, 1936.]

MEDICO–DENTAL DISCOUNT CORPORATION (a Corporation), Appellant, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent.

Black, Hammack & Black for Appellant.

R. Dechter and M. J. Finkenstein for Respondent.

McCOMB, J., *pro tem.*—This is an appeal by plaintiff from a judgment in favor of defendant after the trial court sustained a demurrer to plaintiff's second amended and supplemental complaint without leave to amend.

The complaint as amended alleged the execution of a trust deed as security for the payment of a promissory note and that the creditor and trustee named in the deed of trust were one and the same person; and prayed that a sale held pursuant to the terms of the trust deed be declared void.

Plaintiff relies for reversal of the judgment on the following propositions:

*First: A power of sale in a trust deed is voidable in view of section 2924 of the Civil Code, unless preceded by proceedings to foreclose, as in the case of a mortgage.*

*Second: A valid trust deed does not exist where the beneficiary and trustee are one and the same party.*

■ Plaintiff's first contention is untenable, in view of the holding in *Kinard* v. *Kaelin,* 22 Cal. App. 383, where, at page 392 [134 Pac. 370], Mr. Presiding Justice Lennon, in disposing of a similar contention, says:

"Finally an attack is made upon the legality of deeds of trust. In this behalf it is urged that the power of sale usually granted in such instruments, and appearing in. the deed of trust in controversy here, is voidable and legally nonavailable unless preceded by proceedings to foreclose as in the case of an out and out mortgage. In short, it is the plaintiffs' contention that the deed of trust in question must as a matter of law be construed and considered as a mortgage with all of the rights, incidents, and obligations thereof. Practically this same point was presented fourteen years ago in the case of *Sacramento Bank* v. *Alcorn,* 121 Cal. 379 [53 Pac. 813], and there finally and definitely decided adversely to the contention made by the plaintiffs here. The decision in that case has never been overruled, modified, or criticized. On the contrary it has since been continuously adhered to, and it stands to-day as the settled law of this jurisdiction."

See, also, *Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644, 655 [20 Pac. (2d) 940]; 25 California Jurisprudence, page 6, section 2.

■ The second proposition presented by plaintiff is answered adversely to its contention by *Kinard* v. *Kaelin, supra,* where, at page 391, the court says:

"Neither of these contentions is tenable. The fact that the trustee designated in a deed of trust may have an interest in the sale of the property secured thereby does not incapacitate such trustee from acting; nor, in the absence of a showing of fraud, irregularity, or misconduct on the part of such trustee, invalidate a sale made under the terms of the deed of trust. *In fact the creditor himself may rightfully act as such trustee, and may properly purchase at his own sale.*" (Italics ours.)

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.